MILLS, Acting Chief Judge.
Brown appeals from a judgment ordering the forfeiture of his automobile to the Jacksonville Beach Police Department pursuant to Sections 943.41-44, Florida Statutes (1975). Brown contends that a forfeiture under Sections 943.41-44 is permitted only upon a showing that the automobile was being used in a drug operation or was significantly involved in a criminal enterprise. The State contends this case is controlled by this Court’s decision in Grimm v. State, 305 So.2d 252 (Fla. 1st DCA 1974).
A Jacksonville Beach police officer received information from a confidential informant that Brown was in possession of marijuana. The officer went to Brown’s home where he saw Brown and two men get into the car. The officer followed the car and when it stopped, identified himself and asked if he could search the car. Brown consented to the search. The officer found eight one-ounce baggies of marijuana in the trunk. Brown denied they were his. The automobile was seized pursuant to Section 943.42. The State filed a petition for rule to show cause alleging Brown used the car in violation of Section 943.42. Brown answered denying he used the car in violation of Section 943.42.
The evidence adduced at the hearing was as outlined above. No evidence was adduced that Brown’s car was being used in a drug operation or was significantly involved in a criminal enterprise. No evidence was adduced that Brown knew that the marijuana was in the car.
*473 This case is controlled by Griffis v. State, 356 So.2d 297, Case No. 51,011, Supreme Court of Florida, opinion filed 2 March 1978, not yet reported, which overrules our Grimm case. In Griffis, our Supreme Court held that a vehicle forfeiture under Sections 943.41-44 is permitted only upon a showing of “a nexus between the illegal drugs found in the car and the furtherance of an illegal drug ‘operation’ ”. There was no such showing in this ease. The transportation of a controlled substance in a car which is only incidental to possession, which was the case here, is insufficient to invoke the forfeiture provisions of Sections 943.41-44.
The judgment of forfeiture is reversed.
ERVIN and BOOTH, JJ., concur.