SCHEB, Chief Judge.
Michael E. McGee challenges the trial court’s order forfeiting his 1979 Ford truck. McGee contends that the court erred because the evidence did not show that the truck was involved in an illegal drug trafficking operation. We agree and reverse.
The state petitioned for forfeiture of McGee’s truck under Section 943.43, Florida Statutes (1979). The state’s petition alleged that the Hendry County Sheriff seized McGee’s vehicle on March 7, 1979, because it had been used to transport a controlled substance in Hendry County.
Two law enforcement officers and McGee testified at the hearing on the petition. The evidence disclosed that Corporal William Teal of the sheriff’s department and Paul Williams, an investigator with the state attorney’s office, were involved in the surveillance of a number of vehicles and individuals believed to be involved in an illegal drug trafficking operation. Teal testified that officers watching McGee’s residence stopped an automobile leaving the residence and, on searching it, discovered sixty pounds of marijuana. Teal then obtained a warrant and searched McGee’s residence, finding small amounts of marijuana. He also discovered five hundred methaqualone tablets in McGee’s 1979 Ford truck parked beside the residence. Investigator Williams testified that sometimes persons who are caught with marijuana also have methaqualone.
*311 McGee testified that he had had no knowledge of methaqualone in his truck prior to the search. He further stated that the keys were in the truck, that other people had access to and, in fact, had driven it. At the conclusion of the hearing, the trial court entered an Order of Forfeiture stating that the Ford truck was used to facilitate trafficking in contraband.
In Griffis v. State, 356 So.2d 297, 302 (Fla.1978), the supreme court held that forfeiture under section 943.43, Florida Statutes (1979), “is permitted only upon a showing of ‘a nexus between the illegal drugs found in the car and the furtherance of an illegal drug “operation.” ’ ” Here, the only evidence connecting the truck with any illegal drug operation was the five hundred tablets discovered in it; there was no evidence showing that the truck had been used to transport marijuana. In addition, the record contains nothing indicating that McGee knew the methaqualone was in the truck, which was readily accessible to others. Therefore, the truck was not subject to forfeiture. In re Forfeiture of 1972 Mercury, 357 So.2d 472 (Fla. 1st DCA 1978).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
HOBSON and CAMPBELL, JJ., concur.