RYDER, Judge.
The appellant challenges the trial court’s order forfeiting his motor vehicle pursuant to Section 943.42, Florida Statutes (1979), which makes unlawful the use of any vehicle to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, borrow, exchange or giving away of any contraband article. ' Since there was no nexus between the contraband found in the vehicle and the illegal drug operation, we find the forfeiture was improper and reverse.
On May 5,1979, Ms. Hillmeyer, a member of a surveillance team conducting an investigation for the state attorney’s office, was told, based on information received from the Hendry County Sheriff’s Department, to be on the lookout for a 1978 or 1979 Ford pick-up camper/truck believed to be transporting contraband. She testified that the team observed the described truck and several other vehicles leave a residence in Alva, Florida and travel to Bonita Springs.
The next day in Bonita Springs, the investigators observed the same group of cars parked at a residence at Hickory Boulevard. These cars proceeded from the residence at Hickory Boulevard to a residence at McLaughlin Boulevard. These vehicles were stopped, searched and found to contain a large quantity of marijuana.
During the observation of the group of vehicles in Bonita Springs, the investigators for the first time saw the 1978 Lincoln Versailles which is the subject matter of this appeal. They observed the vehicle proceed to the residence at McLaughlin Boulevard and, when the officers came to search the residence, the Lincoln was parked in front of it. At that time, the Lincoln was searched and sweepings taken from the interior of the vehicle revealed a minute amount of cannabis. On these facts, the trial court held that 1978 Lincoln Versailles should be forfeited.
The standard for vehicle forfeiture was set by the Florida Supreme Court in Griffis v. State, 356 So.2d 297 (Fla.1978). There, Griffis failed to stop at an agriculture inspection station. The vehicle was returned to the station and searched at which time a quantity of marijuana and cocaine was discovered. The State instituted proceedings for forfeiture of the truck alleging that the vehicle had been used for the purpose of transporting cannabis and cocaine in violation of Section 943.42, Florida Statutes (1975). The trial court found the statute was constitutional and ordered the vehicle forfeited. Griffis appealed on the grounds that the forfeiture statute required a showing that the seized vehicle was involved in an on-going drug trafficking operation. The supreme court agreed, and held that forfeiture could be permitted only where the seized vehicle had been significantly involved in a criminal enterprise. To warrant forfeiture, more than a mere possession of contraband is required; there must be a showing of a nexus between “the illegal drugs found in the car and the furtherance of an illegal drug operation.” See also Nichols v. State, 356 So.2d 933 (Fla. 2d DC A 1978); Brown v. State, 357 So.2d 472 (Fla. 1st DCA 1978).
In ‘the instant case, the State argues Griffis, supra, is distinguishable on its facts in that there one party was arrested and charged with possession of contraband *1385 while in this case a large drug trafficking operation was in progress. However, while it is undisputed that a large scale drug operation occurred at the McLaughlin residence, which housed 194 bales of marijuana, the evidence connecting the vehicle with that transaction was insufficient to form the basis for a forfeiture action. The State alleged the Lincoln was driven by an unidentified person to the residence at Mc-Laughin Boulevard and that it was parked in front of this residence at the time the search resulting in the discovery of the contraband was conducted. In addition, large quantities of contraband were recovered from other cars leaving the residence. These facts, while placing the vehicle at the scene of the crime, did not prove the vehicle was “significantly involved” in the illegal drug operation. Mere possession has been shown which was insufficient under Griffis, supra. Therefore, the court erred in finding that the State established, by a preponderance of the evidence, that the vehicle was involved in the drug operation. Accordingly, the judgment of the trial court is REVERSED.
SCHEB, C. J., and HOBSON, J., concur.