HERSEY, Judge.
The City of Pompano Beach, unsuccessful in its attempt to obtain forfeiture of a Toyota automobile allegedly used in a burglary, brings this appeal.
Testimony indicates that items involved in the burglary were found in the Toyota, which is owned by Beverly Fitzsimmons, and that her son had possession of the automobile at the time of the burglary. Forfeiture was thus appropriate under section 932.703, Florida Statutes (1981) unless Fitz-simmons could show that she “neither knew nor should have known after a reasonable inquiry that such property [her Toyota] was being employed or was likely to be employed in criminal activity.”
The following evidence on this issue was adduced: Appellee testified at trial that she allowed her son Kevin to take her car to the *698 store “a couple of times and that was it.” She did not know her son Kevin had taken the car on November 3, 1981, because she was not home that evening. At that time, Kevin did not have permission to use the car. However, he had used the car on several previous occasions without permission, incurring numerous traffic citations of which appellee was aware. A previous burglary charge against Kevin showed that the car had been used in the commission of that crime. Appellee was unaware of that fact until after the crime had been committed and the police had contacted her. Appellee testified that she had no reason to believe her son would take her car on the night of November 3, 1981, or that the car would be involved in a felony. The first knowledge she had of her son’s offense and the involvement of the car was when her daughter called to tell her Kevin had been arrested.
There were two sets of keys to the vehicle, one in the possession of the appellee and one in the possession of her daughter, Kelly. Appellee and her daughter testified that to their knowledge Kevin did not have a set of keys to the 1979 Toyota. Appellee also testified that her son was forbidden to use the car and that she kept her keys in her purse as a measure to prevent him from doing so. Aside from this, she felt there was nothing else she could do. The night of the underlying felony, appellee had her keys with her. Kelly had her own set in the bedroom in which she slept. She testified that the keys were gone the next morning and that she thought her brother had taken them.
The trial court found that appellee had met her burden under the statutory exemption and denied forfeiture. We agree. The cases relied upon as supporting a different result are distinguishable. In United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897 (8th Cir.1977) the owner of the automobile permitted his son to use it with little restriction although aware of his possible involvement with narcotics and never took any precautions to prevent the proscribed use. In re 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981) affirmed a forfeiture for two reasons one of which was that the trial court may not have believed the “self-serving, uncorroborated, and highly dubious recounting of the circumstances under which” the owner of the vehicle entrusted it to her supposedly estranged husband. Thus the owner failed to affirmatively prove the statutory defense. The present case represents the opposite side of that coin. Here the trial court believed the evidence of exoneration.
Finding the result to be supported by substantial competent evidence, we affirm.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.