SCHEB, Acting Chief Judge.
Appellant Pauline Barnett seeks reversal of an order forfeiting $16,250 to the Har-dee County Sheriff’s Department.
The state filed a petition for forfeiture of the money under sections 932.701-.704, Florida Statutes (1983). The state contended that the money had been used in the commission of a crime in violation of Chapter 893, Florida Statutes (1983).
At the forfeiture hearing, Pauline Barnett and her son, James Barnett, testified that the money belonged to Pauline Barnett. She obtained it through a bank loan and several other loans on life insurance policies. She had entrusted the money to her sons, James and Gary, for the sole purpose of purchasing a tractor-trailer to be used in hauling coal in Kentucky.
Pauline Barnett also testified that her sons were supposed to go to Florida with the money to purchase the tractor-trailer. Before their departure, she discussed with them the trip’s purpose. These discussions gave her no reason to believe the money would be used for any other purpose. Moreover, her sons did not have her permission to use the money for any other purpose. James testified that his brother and he carried the $16,250 in a briefcase with firearms separate from other money which they took with them.
Barnett’s attorney stipulated that the state had presented a prima facie case that the government’s taking of the money was based on probable cause that a crime had *64 occurred. After the testimony of Pauline and James Barnett, the state said it had witnesses who could testify concerning conversations between persons in Hardee County and Gary Barnett in Kentucky. The state indicated these conversations revealed what was to be purchased, the purchase price, and the circumstances surrounding exactly what happened. The state asserted that Pauline Barnett gave her sons the exact amount of money necessary to commit the crime. The state would not stipulate that Pauline Barnett owned the money. The trial court ordered a forfeiture of the money without hearing testimony from the state’s witnesses.
Since Barnett’s attorney stipulated that the government had probable cause to believe a crime had occurred, the state met its initial burden of showing probable cause that the money was illicitly used within the meaning of the forfeiture statute. See In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars ($48,900) in U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983). At that point the burden shifted to Pauline Barnett to show by a preponderance of the evidence that she neither knew nor should have known after reasonable inquiry that her money was being used, or was likely to be used, in a criminal activity. § 932.-703(2), Fla.Stat. (1983); Wheeler v. State, 472 So.2d 847 (Fla. 1st DCA 1985); In re Forfeiture of Blue 1979 2-Door Toyota, 441 So.2d 697 (Fla. 4th DCA 1983). As noted, Pauline Barnett testified that she gave her sons the money for purchasing the tractor-trailer and had no reason to believe it would be used for any other purpose. The trial court forfeited the money without hearing any testimony from the state’s witnesses. Thus, we think the trial court erred in forfeiting the money based on Pauline and James Barnett’s testimony alone.
Under the circumstances, we think the state should have been allowed to present the testimony of its witnesses to the court before the court made its ruling. In view of our holding, we need not address Pauline Barnett's other contention.
Accordingly, we reverse and remand for further forfeiture proceedings in which the state should be given an opportunity to present witnesses in support of forfeiture. Of course, if the state cannot provide evidence sufficient to justify forfeiture, the money must be returned to appellant.
LEHAN and FRANK, JJ., concur.