SHARP, Chief Judge.
We hold that the trial court erred in granting summary judgment in this forfeiture proceeding brought under the Florida Contraband Forfeiture Act (sections 932.-701-932.704) because there existed genuine issues of material fact.
The Orange County Sheriff commenced a forfeiture proceeding, alleging that the money seized from the trunk of Robert Irving’s car was a contraband article employed or intended to be employed in violation of Chapter 893 relating to controlled substances, i.e. cocaine. Carol Zarka, Robert Irving’s fiancee, claimed ownership of the money. Zarka submitted an affidavit in opposition to the state’s motion for summary judgment alleging that she had entrusted the money to Irving for the purpose of buying automobiles for resale, and was unaware the money was going to be used for any other purpose. Irving also *1135 filed an affidavit alleging that Zarka had given him the money for the purchase of automobiles and denied that he intended to use the money in any other manner.
The trial court granted summary judgment of forfeiture finding:
1. That claimant, Carol Zarka, is the sole claimant of approximately $19,-050.00 in U.S. currency.
2. That the $19,050.00 in U.S. currency was seized from one Robert Irving.
3. That possession of currency vests title thereto in the holder.
However, mere possession of currency is not legally determinative of ownership.
Based on this record, Zarka was at least a disputed owner of the currency. Her affidavit also created a genuine issue of material fact as to whether she knew or should have known after reasonable inquiry that the money would be employed or it would likely be employed in criminal activity. While the trial court may not have believed her story, or disbelieved that she was the owner of the currency, these were issues to be decided at trial, see Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983), and not by summary judgment. See, In re Forfeiture of 1979 Ford Truck # VIN F14HNEC1331, 389 So.2d 310 (Fla. 2d DCA 1980) (record contained nothing indicating that defendant knew methaqualone was in his truck, which was readily accessible to others; truck was not subject to forfeiture); In re Forfeiture of Blue 1979 2-Door Toyota Tag # DFJ-442, VIN # TE31377910, 441 So.2d 697 (Fla. 4th DCA 1983) (forfeiture properly denied where substantial competent evidence supported the trial court’s finding owner was unaware her son had taken her car and had possession of it at the time he committed a burglary); Weisz v. Miami Shores Village, 461 So.2d 138 (Fla. 3rd DCA 1984), petition for review denied, 472 So.2d 1181 (Fla.1985) (record devoid of any testimony tending to show owner should have known driver and passenger, her friend and boyfriend, ever used, possessed or dealt in cocaine); Wheeler v. State, 472 So.2d 847 (Fla. 1st DCA 1985) (evidence did not establish owner either knew or should have known, after reasonable inquiry, her car was being employed or was likely to be employed to transport drugs where owner loaned her car to a long-time friend, who asked to borrow it to run household errands while her own car was under repair).
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.