SMITH, Judge.
This is an appeal from an order of forfeiture of currency to the City of Tallahassee. We affirm.
David Charles Woodson, Sr. (hereafter, appellant) [1] who owns a business in South Florida, sent his two sons to the Tallahassee area in order to purchase a truck which appellant believed would be cheaper in North Florida. The appellant had given one son, David Jr., $5,500 in cash. After arriving in Tallahassee, the appellant’s sons were observed engaging in drug transactions and were arrested. At the time of his arrest, David Jr. possessed $4,765 and had approximately $1,700 worth of cocaine. Another $1,000.00 worth of cocaine was dropped by David’s brother Jeffrey as he attempted to elude police.
Subsequently, the City of Tallahassee filed a petition for an order of forfeiture of the currency seized at the time of David Jr.’s arrest. An order to show cause is *308 sued and following a hearing, the trial court granted forfeiture.
On appeal appellant argues that there is insufficient evidence to establish a nexus between the property seized and the illegal activity, and that the City of Tallahassee failed to overcome appellant’s claim that the seized currency was the money given by him to his son to be used for a bona fide purpose. We conclude that the trial court did not err in finding that the City of Tallahassee satisfied its initial burden of showing a nexus between the seized currency and an illegal drug transaction. Further, the trial court specifically found that the appellant had not proven that the currency seized from David Jr. was the same currency given to him by appellant so as to establish a bona fide claim to the seized property.
The appellant’s son, David Jr., had been in Tallahassee for approximately five days before his arrest. As noted, David Jr. arrived in Tallahassee with $5,500 but was found at the time of his arrest to be in possession of $4,765 in cash, and he and his brother had approximately $2,700 worth of cocaine. Thus, after approximately a week in Tallahassee, the brothers had $1965 more in cash and contraband than when they arrived. Police kept a surveillance of the sons’ motel room where numerous visitors were observed coming and going. While still occupying one room, David Jr. reserved another room in the same motel, paying for both rooms on a daily basis in cash, which included a large number of one dollar bills. Approximately $1,000.00 worth of cocaine recovered by police from David’s brother Jeffrey shortly before Jeffrey’s arrest was contained in sanitary bags from the motel where the two were staying. David’s car trunk contained $1,700.00 worth of cocaine and $4,000.00 in cash, all but $500.00 of which was in $5.00, $10.00, and $20.00 bills. The evidence supports the trial court’s factual finding that the money found in David Jr.’s possession was the product of cocaine transactions and was not identifiable as the original $5,500 in cash given to his son by the appellant.
Appellant’s reliance on Barnett v. State, Hardee County, 483 So.2d 63 (Fla. 2d DCA 1986), is misplaced. In that case, the trial court ordered forfeiture of money without requiring the state to go forward with evidence to rebut the testimony of the appellant, who claimed ownership and absence of knowledge of or participation in any criminal activity. The district court reversed, finding error in the trial court’s order of forfeiture without requiring proof by the state. The opinion does not address the issue of ownership of money or how it must be established; the holding of the case is simply that the evidence was sufficient to require the state to go forward with proof to justify the forfeiture. Cf., In re Forfeiture of Approximately $19,050.00 In U.S. Currency, 519 So.2d 1134, 1135 (Fla. 5th DCA 1988) (affidavits of claimant and her fiancee that cash found in fiancee’s car trunk was money entrusted by claimant to fiancee for purpose of buying automobiles for resale established that claimant was at least a disputed owner of the money, and created a genuine issue of fact whether she knew or should have known money was to be employed in criminal activity, precluding summary judgment of forfeiture; and “mere possession” of money is not determinative of ownership).
In the case before us, there is no contention by the state that mere possession of the money by the Woodson brothers alone refuted appellant’s claim of ownership. On the other hand, it is clear that appellant’s testimony concerning his innocent entrustment of money to his son is also not alone determinative of ownership. The issue was one of fact to be resolved by the trial judge from all the evidence at trial. In re Forfeiture of Approximately $19,050.00, 519 So.2d at 1135.
Accordingly, we find no basis to reverse the trial court's finding that the appellant failed to prove that he is the innocent owner of seized property.
AFFIRMED.
MINER, J., and PEARSON, TILLMAN (Retired), A.J., concur.

. Both David Charles Woodson, Jr., and David Charles Woodson, Sr., are named as appellants; however, no argument is presented as to David Charles Woodson, Jr., and we treat this appeal as limited to David Charles Woodson, Sr.