160 So.2d 145 (1964)
Marcus B. BERGH, Appellant,
v.
Mildred C. BERGH, Appellee.
No. E-338.
District Court of Appeal of Florida. First District.
January 30, 1964.
Reinstine, Reinstine & Panken, Jacksonville, for appellant.
Scruby & Yonge, Orange Park, for appellee.
WIGGINTON, Judge.
This appeal by defendant husband is from an order denying his petition to modify *146 the provisions of a final decree of divorce by reducing the amount of alimony and child support which he is required to pay.
Appellee wife was granted a final decree of divorce on July 30, 1960. Being dissatisfied with the provisions of the decree settling the property rights of the parties, the wife appealed. By opinion filed March 7, 1961, this Court reversed that part of the decree which purported to divide between the parties certain property accumulated by them during marriage, and remanded the case to the trial court for further proceedings.[1]
Approximately one year later, in May of 1962, appellant purchased from appellee her interest in the properties owned by them as tenants in common and thereby obligated himself to pay her the sum of $5,300.00 a year for the ensuing ten years.
On May 10, 1963, appellant filed his petition in the cause alleging that his circumstances had materially changed since entry of the original decree, and praying for a reduction in the amount required to be paid by him for alimony and child support. Testimony offered by the husband on this issue was considered by the chancellor who entered the order here assaulted. By his order the chancellor found that there has been no material change in appellant's circumstances or other occurrence to justify reduction of the alimony and child support fixed by the provisions of the final decree. The husband's petition for relief was accordingly denied.
The sole question presented for our decision on this appeal is whether the chancellor abused his discretion in denying the relief sought by appellant under the evidence reflected by this record. Only appellant and his accountant testified at the hearing. The facts adduced in evidence are not disputed. Appellant testified that his financial circumstances have changed for the worse, and he is no longer able to meet the financial requirements made of him by the terms of the final decree. A substantial part of appellant's worsened financial condition is the $5,300.00 a year he voluntarily agreed to pay his former wife for her interest in their jointly-owned property which he purchased from her only one year before his petition for modification was filed.
Appellant strenuously contends that since the facts are not in dispute, the chancellor is bound by the evidence and therefore abused his discretion in denying the relief sought. It is quite true that when uncontradicted testimony consists of facts, as distinguished from opinions, and is not illegal, improbable, unreasonable or contradictory within itself, it should not be wholly disregarded, but should be accepted as proof of the issue.[2] It is equally true, however, that the trier of fact is never bound by mere conclusions expressed by the witnesses or by inferences drawn by them from the facts, but may give this type testimony such weight as the circumstances shall justify.
We have carefully considered the evidence and testimony offered at the hearing on appellant's petition, but fail to perceive wherein it can be said that the chancellor abused his discretion in denying the relief sought. The opinions expressed by appellant at the trial are not supported by the facts established by the evidence. Appellant having failed to clearly demonstrate an abuse of discretion by the chancellor, the order appealed is affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Bergh v. Bergh, (Fla.App. 1961) 127 So.2d 481.
[2] Kinney v. Mosher, (Fla.App. 1958) 100 So.2d 644, 646.