427 So.2d 364 (1983)
ONE 1976 AMERICAN JEEP IDENTIFICATION NO. J6F83EA002081, TAG FEF-421, and Robert W. Montgomery, Appellants,
v.
STATE of Florida, ex rel. CITY OF LARGO, for the Use and Benefit of the LARGO POLICE DEPARTMENT, Appellees.
No. 82-845.
District Court of Appeal of Florida, Second District.
March 2, 1983.
*365 Ky M. Koch of Bauer & Koch, Clearwater, for appellants.
James T. Russell, State Atty., and C. Marie King, Asst. State Atty., Clearwater, for appellees.
GRIMES, Acting Chief Judge.
Appellant Robert Montgomery seeks reversal of an order of forfeiture of his 1976 American Motors Jeep. The state claimed that the vehicle had been used to aid in the commission of a felony and was subject to forfeiture as contraband under the Florida Contraband Forfeiture Act.
The facts leading to the seizure of Montgomery's jeep are not disputed. Montgomery was arrested and charged with burglary. Following his arrest, Montgomery voluntarily admitted to the police that he and a codefendant had entered a business owned by their employer for the purpose of stealing items. Montgomery further admitted that he drove to the scene of the burglary in his jeep and used it to transport the property taken in the burglary. After an evidentiary hearing, the trial court made a factual finding that the jeep had been used to aid or abet in the commission of grand theft and ordered the vehicle forfeited.
In order to understand Montgomery's argument, it is necessary to set forth in detail the pertinent provisions of the Florida Contraband Forfeiture Act.[1]
Montgomery argues that the Act does not apply to a motor vehicle used in the course *366 of grand theft. He suggests that section 932.703(1), Florida Statutes (1981), is the enabling portion of the Act and argues that the following language of that section authorizes forfeiture of a vehicle only when it contains a contraband article of the type defined in section 932.701(2)(a)-(d):
In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the ... motor vehicle, ... in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.
He reasons that since this provision does not refer to contraband articles as defined in section 932.701(2)(e), his jeep cannot be forfeited. We disagree.
Section 932.701(2)(e) defines a contraband article as:

Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony. (Emphasis added.)
Section 932.702(4) makes it unlawful to conceal or possess any contraband article. The first sentence of section 932.703(1) provides for the seizure of any contraband article involved in violation of any provision of section 932.702. The second sentence provides that title to contraband articles used in violation of section 932.702 should vest in the state upon seizure, "subject only to perfection of title, rights and interests in accordance with this act." Section 932.704 outlines the procedure for the forfeiture of any contraband article used in violation of the provisions of the law dealing with contraband.
When the Act is read as a whole, it is clear that a vehicle used in "aiding or abetting in the commission of any felony" is a "contraband article" which is properly subject to forfeiture. The sentence relied upon by Montgomery as limiting forfeiture is merely cumulative of the other provisions of the Act.[2] Since Montgomery used his jeep to aid in the commission of the felony of grand theft, it was subject to forfeiture.
AFFIRMED.
RYDER, J., and NELSON, WILLIAM J., Associate Judge, concur.
NOTES
[1] Short title; definition of "contraband article". 
(1) Sections 932.701-932.704 shall be known and may be cited as the "Florida Contraband Forfeiture Act."
(2) As used in ss. 932.701-932.704, "contraband article" means:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893.
(b) Any gambling paraphernalia, lottery tickets, money, and currency used or intended to be used in the violation of the gambling laws of the state.
(c) Any equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state.
(d) Any motor fuel upon which the motor fuel tax has not been paid as required by law.
(e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
932.702 Unlawful to transport, conceal, or possess contraband articles; use of vessel, motor vehicle, or aircraft.  It is unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.
932.703 Forfeiture of vessel, motor vehicle, aircraft, other personal property, or contraband article; exceptions. 
(1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932,702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act. In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture. It shall be presumed in the manner provided in s. 90.302(2) that the vessel, motor vehicle, aircraft, or personal property, in or on which such contraband article is located at the time of seizure, is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2)(a)-(d).
....
932.704 Forfeiture proceedings. 
(1) The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final order of forfeiture by the court shall perfect the state's right and interest in and title to such property and shall relate back to the date of seizure.
[2] Cf. Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982), in which the Fifth District Court of Appeal upheld the forfeiture of a vehicle used as an instrumentality in the commission of one or more aggravated assaults without discussion of the point raised by Montgomery.