461 So.2d 138 (1984)
Terry WEISZ, Appellant,
v.
MIAMI SHORES VILLAGE, Appellee.
No. 83-2997.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Rehearing Denied January 22, 1985.
Sperber & Goldberg and Harris Sperber, Miami, for appellant.
*139 William F. Fann, Jr., Miami Shores, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
On May 2, 1983, the Miami Shores Police Department seized a 1983 Cadillac El Dorado worth approximately $25,000. At the time of the seizure, the respondent/owner was not in the vehicle. Instead, the car was being driven by a Richard Jacques, friend of respondent, and the sole passenger was Herbert H. Cameron, respondent's live-in boyfriend. The vehicle had been stopped after a computer check revealed that the license tag was registered to another vehicle. The police searched the car and its occupants, finding a "trace" of cocaine in a container carried by Mr. Jacques and a firearm underneath the passenger seat of the vehicle. The two men were arrested for possession of a controlled substance and carrying a concealed firearm. The State subsequently filed no criminal charges against either man; however, Mr. Jacques was charged with driving a vehicle with a license plate number assigned to another vehicle in contravention of Section 320.06, Florida Statutes (1983), a motor vehicle statute.
The petitioner, Miami Shores Village, initiated forfeiture proceedings pursuant to Sections 932.701-.704, Florida Statutes (1983) (the Florida Contraband Forfeiture Act) and filed a Petition for Rule to Show Cause in circuit court. The petition was granted and respondent answered, stating that she was the legal owner of the seized vehicle. At the forfeiture proceeding, respondent testified that on the date of the seizure, she was in Vero Beach with a realtor looking at some properties. She had taken the keys to the vehicle with her, but a spare set was on a key rack in her home. She had not given consent to use her vehicle to either Mr. Cameron or Mr. Jacques; she had no knowledge of the use of her vehicle until she returned from Vero Beach; she had never previously loaned this or any other vehicle to either of the two men; and she did not know that Mr. Jacques would be carrying a trace amount of cocaine or that a gun would be placed under the seat of the car. The trial court, finding respondent's testimony not credible, entered a final judgment of forfeiture.
Respondent contends here that the trial court erred in holding that she did not meet her burden of proof, as imposed by Section 932.703(2), to show that she neither knew nor should have known, after reasonable inquiry, that her vehicle was likely to be used in criminal activity. She further maintains that because her testimony on this issue was not impeached or contradicted in any manner, the trial court should have accepted it. See Bergh v. Bergh, 160 So.2d 145 (Fla. 1st DCA 1964).
We accept the trial judge's findings of fact, as we must, since they are supported by competent, substantial evidence. See Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). Nevertheless, by application of appropriate legal principles to these facts reversal is compelled.
First, in regard to the felony of carrying a concealed firearm, the respondent testified that she knew that both Mr. Jacques and Mr. Cameron owned handguns. The trial court conceivably could have inferred from this testimony that respondent should have known that if she left the keys to her vehicle in the house she shared with Mr. Cameron, the latter was likely to use her vehicle to carry his handgun and to conceal it while driving.
The forfeiture must nonetheless fail if based on the crime of carrying a concealed weapon. Section 932.703(1) provides for forfeiture of a motor vehicle in which contraband is discovered if possession of such contraband article constitutes a felony. Section 932.701(2) defines contraband. The only definition relevant here is in Section 932.701(2)(e), which, in pertinent part, defines as contraband: "Any personal property, including ... any ... weapon ... which has been or is actually employed as an instrumentality in the commission of ... any felony." A handgun, which is not contraband per se, would fall under this definition *140 only if it were employed as an instrumentality in the commission of a felony. Although petitioner argues that the felony here is carrying a concealed firearm, such a construction of the statute would be nonsensical, for it would require that the firearm be used as an instrumentality in the commission of the felony of carrying a concealed firearm. Rejecting petitioner's argument, we hold here that Section 932.701(2)(e) applies to make a handgun contraband only where the felony in which it is an instrumentality is, by generic definition, an independent felony which can be committed without that firearm.[1]
Second, the forfeiture also fails even if based on the felony of possession of a trace amount of cocaine. The record is devoid of any testimony tending to show respondent's knowledge that either Mr. Cameron or Mr. Jacques ever used, possessed, or dealt in cocaine. Thus, there was no basis for the trial court to conclude that respondent should have known that Mr. Jacques was likely to possess cocaine in her vehicle.[2]
For the foregoing reasons, the judgment below is REVERSED.
BARKDULL, Judge, dissenting.
I think it was within the discretion of the trial judge to disregard the only witness's uncorroborated statement that she did not give Cameron permission to use the automobile. Her credibility was clearly put in issue by the evidence surrounding her lack of knowledge as to where Cameron worked (even though he lived with her) the circumstances of her purchasing the automobile for cash, the no corroboration as to where the cash came from, knowledge that Cameron and the driver of the vehicle possessed firearms and that she did not appear to have any gainful employment and had previously been arrested in connection with narcotic violations.
NOTES
[1] The use of a firearm is, with some offenses, a factor which aggravates the severity of the crime, e.g., robbery, assault, battery, murder. By "generic definition," we refer to the offense as described by its essential statutory elements, exclusive of aggravating factors. For instance, robbery is, by generic definition, a felony which can be committed without a firearm. See § 812.13(1), Fla. Stat. (1983). Use of a firearm in the commission of the robbery is but an aggravating circumstance. See § 812.13(2)(a). Thus, under the rule we adopt, a vehicle may be subject to forfeiture where its occupant possesses a firearm which has been used as an instrumentality in an independent felony, e.g., robbery, since robbery can be committed without a firearm. The vehicle is not subject to forfeiture, however, where the felony attendant to the possession is merely concealment of that firearm, because that offense could not be accomplished without the possession.
[2] Moreover, the Florida Supreme Court, in Griffis v. State, 356 So.2d 297 (Fla. 1978), held that a vehicle in which narcotics are found may be forfeited only upon a showing of "a nexus between the illegal drugs found in the car and the furtherance of an illegal drug `operation'." Id. at 302. The court reasoned that the legislature, in enacting the Florida Contraband Forfeiture Act, intended it to apply only to the transportation of controlled substances for distribution and not for personal possession and consumption. Id.; see also One 1978 Lincoln Versailles Georgia License MZR 349, VIN 8W84G804437 v. State, 388 So.2d 1383 (Fla. 2d DCA 1980); Nichols v. State, 356 So.2d 933 (Fla. 2d DCA 1978). The continuing vitality of the holding in Griffis is uncertain. Several cases of the Second District Court of Appeal interpreted a 1980 legislative amendment to the forfeiture statute as an overruling of the Griffis holding. City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983); State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981). Since it is not necessary to the disposition of this case, we do not resolve that question here, nor will we consider the constitutional implications of such a holding.