465 So.2d 1382 (1985)
CITY OF INDIAN HARBOUR BEACH, a Municipal Corporation, Appellant,
v.
Billy E. DAMRON d/b/a Damron Marine Construction, Michael Donald Dunvordahl, and the Cessna 150 G Seaplane, Aircraft Serial Number 15066044, Appellees.
No. 84-917.
District Court of Appeal of Florida, Fifth District.
March 28, 1985.
T.M. Barlow, of Holland, Starling & Severs, P.A., Melbourne, for appellant.
Marjorie E. Smith and Robert Moletteire, of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for appellees.
SHARP, Judge.
The City of Indian Harbour Beach appeals from an order denying forfeiture of a Cessna aircraft under the Florida Contraband Forfeiture Act (Act). §§ 932.701-704, Fla. Stat. (1983). The issue on appeal is whether the Cessna was "employed as an instrumentality in the commission of" a felony, so as to make it "contraband" under section 932.701(2)(e), Florida Statutes (1983), and thus subject to forfeiture. We hold it was not and affirm.
The Cessna was not registered to the present owner (Damron) with the Federal Aviation Administration. Although the prior owner had registered the plane, he had not forwarded the papers to complete the transfer of registration to Damron. The City seized the plane, claiming Damron's possession of the unregistered aircraft violated section 329.10, Florida Statutes (1983), which makes the possession of an improperly registered aircraft a third degree felony.[1]
Section 932.701, Florida Statutes (1983) defines contraband for purposes of the Act. The relevant definition is set out in (2)(e) as follows:
Any personal property ... which has been or is actually employed as an instrumentality *1383 in the commission ... of any felony.
An instrumentality provides a means or assists in the commission of an offense; it is ancillary to the commission of the offense, rather than an element of the offense itself. For example, had the appellee used a printer to produce counterfeit registration documents, the printer would be an instrumentality.
The aircraft, however, is not the means or instrument by which the offense of possession of an improperly registered aircraft is committed. Instead, possession of an unregistered aircraft is the essence of the crime itself. To qualify as an instrumentality, the Cessna, which is not contraband per se, must have assisted in the commission of another, different felony. Possession of an improperly registered aircraft under the circumstances and conditions set forth in section 329.10 is a felony, but that status or state does not give rise to a different crime.
This case is distinguishable from In Re Forfeiture of One 1978 Ford F250 Truck, 438 So.2d 1023 (Fla. 5th DCA 1983) where an illegal shotgun was being transported in a vehicle. We held that the truck in that case was being used as an instrumentality in the accomplishment of a different crime  possession of a short-barreled shotgun  and, therefore, it was subject to forfeiture pursuant to section 932.701(2)(e).
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The parties conceded that section 329.10 had been violated, so we do not address that issue.