469 So.2d 942 (1985)
Michael J. PHEIL, Appellant,
v.
Noel E. GRIFFIN, Jr., Appellee.
No. 84-1060.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
*943 C. John Coniglio, P.A., Wildwood, for appellant.
W. Scott Wynn, Clermont, for appellee.
COBB, Chief Judge.
This is an appeal from a final order of the circuit court requiring forfeiture of a private airplane. The substantive issue presented is whether a Piper Aztec airplane on which the assigned identification numbers have been altered, the possession of which is a third degree felony,[1] is "contraband" under section 932.701(2)(e), Florida Statutes (1983), so as to permit its forfeiture pursuant to the Florida Contraband Forfeiture Act. The trial court concluded that it is, and ordered forfeiture.
Our decision in the recent case of City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985) requires a reversal here. Possession of an airplane with altered identification numbers in this case is analogous to possession of the unregistered plane in Damron. In order to be subject to forfeiture, the plane must be a "contraband article" as defined under subsection (2)(a) through (d) of section 932.701  i.e., a controlled substance, gambling paraphernalia, equipment violating the beverage or tobacco laws, motor fuel with unpaid tax, etc.  or a vessel, motor vehicle or aircraft used in the transportation, possession or concealment of such contraband. See § 932.703(1), Fla. Stat. (1983). This plane fits in neither category.
The confusion is occasioned by the language of subsection (2)(e) of section 932.701, which further defines a "contraband article" as:
Any personal property, including, but not limited to, any item, object, tool, substance, *944 device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony. (Emphasis added).
Under this definition of contraband, as we said in Damron, an instrumentality "is ancillary to the commission of the offense, rather than an element of the offense itself." In the instant case, possession of the plane with the altered numbers is the essence of the crime itself. This approach is consistent with the principle that forfeiture statutes are not favored and must be strictly construed in favor of those against whom the penalty is imposed. See Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984).
The order of forfeiture is reversed and the case remanded to the trial court for entry of judgment for appellant and the return of the property to appellant.
REVERSED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 329.11, Fla.stat.(1983). We do not consider appellant's challenge to the constitutionality of this statute because that issue is not preserved for review. See In Interest of K.A.F., 442 So.2d 365 (Fla. 5th DCA 1983); Hegeman-Harris Company, Inc. v. Allstate Pipe Supply, 400 So.2d 1245 (Fla. 5th DCA 1981), petition for review dismissed, 411 So.2d 380 (Fla. 1981).