478 So.2d 454 (1985)
Raul CABRERA, Appellant,
v.
DEPARTMENT OF NATURAL RESOURCES, State of Florida, Appellee.
No. 85-836.
District Court of Appeal of Florida, Third District.
November 12, 1985.
*455 Blumenfeld & Cohen and Jack Blumenfeld, Coral Gables, for appellant.
Steven A. Been, Tallahassee, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Raul Cabrera appeals from a Final Order and Judgment of Forfeiture. Cabrera's 29-foot boat was seized after a Florida Marine Patrol sergeant noticed the vessel at a paint and body shop and saw that a decal covered the area where the hull identification number is usually placed. Upon closer inspection, the sergeant determined that the required identification number had been removed. The sergeant seized the vessel pursuant to the Florida Contraband Forfeiture Act, §§ 932.701-.704, Fla. Stat. (1983). Following a hearing, the trial court ordered the boat forfeited, implicitly holding that the vessel was used as an instrumentality in the commission of a felony in violation of sections 328.07(4) and 932.701(2)(e), Florida Statutes (1983). We agree with Cabrera's contention that the vessel does not meet the statutory definition of "instrumentality." We therefore reverse.
According to section 328.07(4), it is a felony for an individual to:
[K]nowingly buy, sell, offer for sale, receive, dispose of, conceal, or have in his possession any vessel or part thereof on which the assigned identification number has been altered, removed, destroyed, covered, or defaced or maintain such vessel in any manner which conceals or misrepresents the true identity of the vessel.
A vessel is subject to forfeiture only when it becomes contraband, § 932.703, Fla. Stat. (1983), as defined in section 932.701(2). Section 932.701(2)(e) defines as a contraband article:
Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
The fifth district court of appeal recently considered the meaning of "instrumentality" under the forfeiture act. Pheil v. Griffin, 469 So.2d 942 (Fla. 5th DCA 1985); City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985). The court observed that an instrumentality is "ancillary to the commission of the offense rather than an element of the offense itself." Damron, 465 So.2d at 1383. To qualify as an instrumentality, the article must have been employed in the commission of a separate felony. We agree with that construction. As in Pheil, which involved possession of an airplane with altered numbers, and Damron, which involved possession of an unregistered airplane, possession of a boat from which the hull identification numbers have been removed is the essence of the crime itself. Thus, the boat may not be considered an instrumentality in the commission of the felony charged.
This interpretation of the term "instrumentality" is consistent with the customary construction of forfeiture statutes. Forfeiture is considered an extraordinarily harsh penalty. Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984). Forfeiture *456 statutes are not favored and are strictly construed in favor of the party against whom the penalty is sought to be imposed. Boyle v. State, 47 So.2d 693 (Fla. 1950); General Motors Acceptance Corp. v. State, 152 Fla. 297, 11 So.2d 482 (1943); Smith; Flam v. City of Miami Beach, 449 So.2d 367 (Fla. 3d DCA 1984). The intention of the legislature to permit forfeiture of property must be clearly reflected by the language of the statute before the courts will enforce forfeiture. General Motors. It necessarily follows that courts should not broaden the scope of legislative enactments by permitting forfeiture where it is not clearly authorized. Coleman v. Brandon, 426 So.2d 44 (Fla. 2d DCA 1982), review denied, 430 So.2d 450 (Fla. 1983).
We agree with the second district's observation in Coleman that the legislature may revisit the language of the statute and expand the grounds for forfeiture. Under our interpretation of existing law, however, Cabrera's boat is not subject to forfeiture. Our disposition of this appeal makes it unnecessary for us to address Cabrera's other points.
Reversed.