DELL, Judge.
The City of Pompano Beach and the Pompano Beach Police Department appeal from a final order dismissing their amended verified complaint for a rule to show cause in a forfeiture proceeding.
The amended complaint alleged in part:
3. The property which is the subject matter of this action is described as follows: 1979 MERCEDES, 4-DOOR ... and $1,262.00 IN UNITED STATES CURRENCY.
4. On or about the 17th day of December, 1984, in Pompano Beach, Broward County, Florida, the property described in paragraph three (3) above was used in violation of Section 932.701 through 932.-704 of the Florida Statutes (1981), or a violation of said section then and there took place in, upon, or by means of said property, or said property is “personal property” as defined by Section 932.701 through 932.704 of the Florida Statutes (1981). Further, that said personal property was used to traffic in cocaine or facilitated the transportation of and/or possession of a controlled substance and/or possession of and/or concealment of a firearm. That there exists probable cause for the issuance of a Rule to Show Cause predicated upon the following facts contained in the Probable Cause Affidavit and Police Report as Exhibit “A” attached hereto and incorporated herein as though fully set forth.
The attached probable cause affidavit alleged that an officer of the Pompano Beach Police Department stopped to investigate a Mercedes automobile because it fit the description of a vehicle possibly being driven by an escapee. The owner of the automobile agreed to cooperate and produced identification. When he reached into the car he picked up an automatic pistol from under the center armrest, took out some identification and then replaced the pistol. The affidavit stated that the weapon had been initially concealed from open view and was not kept in a holster. The officer placed the owner of the car under arrest and a search of the owner’s person produced a white substance wrapped in foil, later identified as cocaine. The trial court dismissed the amended complaint and stated that “[t]he allegations of the Amended Verified Complaint and attachments are factually and legally insufficient ... to find probable cause that the subject items were illicitly used within the meaning of Sections 932.-701 et seq.”
Appellants correctly assert that the trial court erred when it applied the standard of probable cause to test the sufficiency of the allegations of the amended complaint. However, the amended complaint must stand the test of whether the allegations alleged sufficient ultimate facts to state a cause of action for forfeiture under the Florida Contraband Forfeiture Act, Section 932.701-.704 (1983).
We specified in In Re: Forfeiture of Five Thousand Three Hundred Dollars ($5,300.00), 429 So.2d 800 (Fla. 4th DCA 1983) that
[T]he seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the *644 petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony.
Id. at 803 (emphasis supplied).
The question before us is whether the verified complaint stated a cause of action.
Appellees cite Weisz v. Miami Shores Village, 461 So.2d 138 (Fla. 3d DCA 1984), petition for review denied, 472 So.2d 1181 (Fla.1985), and argue that carrying a concealed firearm does not constitute an act subjecting a vehicle to forfeiture. In Weisz the Third District Court of Appeal reversed a judgment granting forfeiture of a vehicle and held:
The forfeiture must nonetheless fail if based on the crime of carrying a concealed weapon. Section 932.703(1) provides for forfeiture of a motor vehicle in which contraband is discovered if possession of such contraband article constitutes a felony. Section 932.701(2) defines contraband. The only definition relevant here is in Section 932.701(2)(e), which, in pertinent part, defines as contraband: “Any personal property, including ... any ... weapon ... which has been or is actually employed as an instrumentality in the commission of ... any felony.” A handgun, which is not contraband per se, would fall under this definition only if it were employed as an instrumentality in the commission of a felony. Although petitioner argues that the felony here is carrying a concealed firearm, such a construction of the statute would be nonsensical, for it would require that the firearm be used as an instrumentality in the commission of the felony of carrying a concealed firearm. Rejecting petitioner’s argument, we hold here that Section 932.701(2)(e) applies to make a handgun contraband only where the felony in which it is an instrumentality is, by generic definition, an independent felony which can be committed without that firearm.
Id. at 139-40.
Appellants argue that the decision in Weisz is unsound and contend that we should adopt the reasoning used by the Fifth District Court of Appeal in In Re: Forfeiture of One 1978 Ford F250 Custom Pickup Truck, VIN F26HNBF3710, 438 So.2d 1023 (Fla. 5th DCA 1983).
In Re: Forfeiture of One 1978 Ford involved possession of a short-barreled shotgun in violation of Section 790.221, Florida Statutes (1983). In reaching its decision to uphold the forfeiture of the Ford pickup truck which had transported the short-barreled shotgun, the Fifth District reasoned:
An “instrument,” in the context used here, is defined as “a means by which something is done; agency.” The American Heritage Dictionary of the English Language (1979). An “instrumentality” has been defined as:
A condition of being an instrument; a subordinate or auxiliary agency; agency of anything as means to an end; anything used as a means or agency; that which is instrumental; the quality or condition of being in-strumental_
44 C.J.S. at p. 422 (1945). The short-barreled shotgun is thus the means or instrument by which the crime of possession of that forbidden article is committed, and it is thus the instrumentality of the crime. Therefore, it is a contraband article as defined by section 932.701(2)(e).
Id. at 1024 (emphasis original).
To the extent that any conflict exists between In Re: Forfeiture of One 1978 Ford and Weisz v. Miami Shores Village, we adopt the reasoning of Weisz and hold that the crime of carrying a concealed weapon without an allegation that it has been or is being used as an instrumentality to commit an independent felony is insufficient to constitute an act subjecting a vehicle to forfeiture.[1]
*645 We find no merit in appellant’s alternative argument that the complaint alleged sufficient facts to state a cause of action that the vehicle facilitated the transportation and/or possession of a controlled substance. The factual allegations contained in the probable cause affidavit do not support the conclusory allegations contained in paragraph four of appellant’s amended complaint. Similarly, neither the complaint nor the probable cause affidavit make any factual allegation which would establish that the $1,262.00 in United States currency constituted contraband as defined in the Florida Contraband Act.
Therefore, we affirm the trial court’s order of dismissal of appellant’s amended complaint for forfeiture.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.

. We note that although the Fifth District Court of Appeal issued its opinion in 1983 in the case of In Re: Forfeiture of One 1978 Ford, that it reached a contrary result in Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985) when it affirmed an order denying forfeiture of a Cessna aircraft and held:
*645 To qualify as an instrumentality, the Cessna, which is not contraband per se, must have assisted in the commission of another, different felony. Possession of an improperly registered aircraft under the circumstances and conditions set forth in section 329.10 is a felony, but that status or state does not give rise to a different crime.
Id. at 1383.