489 So.2d 78 (1986)
The CITY OF ST. PETERSBURG BEACH, Appellant,
v.
William Dudley JEWELL, Appellee.
No. 85-1873.
District Court of Appeal of Florida, Second District.
April 23, 1986.
Rehearing Denied May 23, 1986.
David S. Maglich of DeVito & Colen, P.A., St. Petersburg, for appellant.
Matthew B. Wheeley of Hoolihan & Hilleboe, P.A., Clearwater, for appellee.
LEHAN, Judge.
The City of St. Petersburg Beach appeals from the trial court's order denying the *79 city's petition for forfeiture of a 1984 Chevrolet Camaro and $7,400 in currency. We affirm.
William Dudley Jewell, the owner and driver of the Camaro, was stopped in the city for traffic violations. He produced an automobile title certificate and a driver's license, each bearing the name Timothy D. Lane. The title certificate had been kept in the console of the car. The record does not show where the driver's license was located. Jewell admitted that the name on the license and title certificate was an alias and that he had obtained the license and title certificate in that name to evade arrest on several outstanding warrants.
Jewell was arrested for possession of a fraudulent driver's license and using a false name to obtain the title certificate as well as for obstructing an officer without violence in the execution of his duty. The Camaro was impounded by the police along with $7,400 in currency found in the console of the car. The city filed a petition for forfeiture of the Camaro and the currency. We conclude that the trial court's denial of the petition was correct.
Grounds for forfeiture are contained in sections 932.701-703, Florida Statutes (1983). Section 932.703 is to the effect that any motor vehicle which is contraband as defined in section 932.701(2)(e), or which has been used in violation of section 932.702, "shall be forfeited... ." See One 1976 American Jeep v. State, 427 So.2d 364 (Fla. 2d DCA 1983). Accordingly, there must be forfeiture if the motor vehicle falls within either of those two statutory provisos which may be broadly summarized as follows: first, if it is "contraband" as that term is defined in section 932.701(2)(e), i.e., if it is "employed as an instrumentality in the commission of ... any felony"; or second, if, as provided in section 932.702, it is used to "transport ... conceal or ... facilitate the transportation ... of any contraband article." We will explain, first as to the Camaro and second as to the currency, why we conclude the trial court properly ruled that they were not subject to forfeiture under either of those statutory provisos.

The Camaro

a. The Camaro Was Not Contraband

The Camaro could have been forfeited as contraband under section 932.701(2)(e), Florida Statutes (1985), if it had been employed as an instrumentality in the commission of a felony. The first question then becomes whether a felony was committed through the Camaro as an instrumentality. We conclude that it has not been shown that such a felony was committed.
No such felony appears to have been committed incident to the fraudulent title certificate. The title certificate was kept in the Camaro, but mere possession of an unlawfully issued automobile title certificate is not a crime. Sections 319.33(1)(e), 319.33(4), Fla. Stat. (1985). Section 319.33(4) provides that "[i]t is unlawful for any person knowingly and with intent to defraud to have in his possession ... [an] unlawfully obtained certificate of title... ." (Emphasis added.) Jewell admitted that the name on the title certificate was fictitious and therefore that the certificate was unlawfully obtained. But we do not conclude that there was evidence of possession "with intent to defraud." Although he additionally admitted that he had obtained the title in the fictitious name to evade arrest on several outstanding warrants, we know of no authority that this would constitute intent to defraud. The term "intent to defraud" in this context connotes the intent to deprive someone of money or property by cheating in a transaction, e.g., in the sale of a vehicle or while using a vehicle as security for a loan. See Smith v. Southeastern Financial Corp., 337 So.2d 330, 333 (Ala. 1976) ("`Intent to defraud' requires a scheme to unfairly deprive someone of something of value."); State v. Clayton, 110 So.2d 111, 114 (La. 1959) ("There is an unanimity of opinion in all jurisdictions as to the meaning of this term in that in its ordinary and accepted signification it is the deprivation or withholding from another that which justly belongs to *80 or is due him, to deprive of something dishonestly, and to rob.") Without undertaking to state a precise definition of the term, we do not conclude that it would be commonly understood to encompass the intent to evade arrest. Although it may be argued that the circumstances of this case could be within a broad definition of the term, whether the term encompasses those circumstances would, we believe, be debatable at best and is not unambiguously shown by the statute. We must therefore construe the statute as not encompassing those circumstances because criminal statutes should be strictly construed, Earnest v. State, 351 So.2d 957 (Fla. 1977), and forfeiture statutes should be strictly construed in favor of the party against whom forfeiture is sought, Cabrera v. Department of Natural Resources, 478 So.2d 454 (Fla. 3d DCA 1985); Coleman v. Brandon, 426 So.2d 44 (Fla. 2d DCA 1982); In re 36' Uniflite, the "Pioneer I", 398 So.2d 457 (Fla. 5th DCA 1981).
We need not address whether the use of a fraudulently obtained title certificate or driver's license to evade arrest could be a violation of section 843.02, Florida Statutes (1983), which proscribes resisting an officer without violence in the lawful execution of his duty. Even if there was a showing that Jewell employed the Camaro as an instrumentality in the use of the title certificate or license in that manner, a violation of section 843.02 is a misdemeanor and therefore could not cause the Camaro to be contraband under section 932.701(2)(e). Indeed, the point that conduct of the type involved here concerning the title certificate would appear to be more closely related to section 843.02 than to section 319.33(4) may further indicate that that conduct was not meant by the legislature to be encompassed within section 319.33(4).
Also, we do not conclude that the Camaro was an instrumentality in the commission of the crime of fraudulently obtaining either an automobile title certificate under section 319.33(1)(e), or a driver's license under section 322.212(5), Florida Statutes (1985). The use of the Camaro was not shown to have been ancillary to the commission of those crimes because the Camaro was not shown to have been an assisting factor in the process of obtaining either of those documents. See Pheil v. Griffin, 469 So.2d 942 (Fla. 5th DCA 1985); City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985). See also Cabrera; City of Pompano Beach v. Enroute Ltd., Inc., 475 So.2d 1269 (Fla. 4th DCA 1985). If the legislature meant that there should be a forfeiture of an automobile the title certificate for which is fraudulently obtained, or when its driver has fraudulently obtained a driver's license, the legislature would have clearly said so. See Cabrera; Coleman.
No other felony appears to have been committed incident to the fraudulent driver's license through the Camaro as an instrumentality. Although possession of a fraudulently obtained driver's license is a felony, section 322.212(1), Florida Statutes (1985), it is not shown that the Camaro was an instrumentality of that possession. There is no evidence that the license was kept in the Camaro. The record only shows that Jewell produced it which could have meant that he had it on his person. Although he was in the Camaro, the Camaro itself was not shown to have been an instrumentality or means of his possession of the license; it was not shown to have been either needed or used for that purpose. See In re Forfeiture of One 1978 Ford F250 Custom Pick Up Truck, 438 So.2d 1023, 1024 (Fla. 5th DCA 1983).

b. The Camaro Was Not Used to Conceal or Transport Contraband

This involves whether either the title certificate or the driver's license was contraband. We will explain with regard to each of the above referenced felonies why neither of those documents was shown to be an instrumentality of the felony.
As to the driver's license, although its possession by Jewell constituted a felony and the Camaro was used to transport it, we do not conclude that it was contraband *81 incident to that felony because we do not conclude that it was an instrumentality which was ancillary to the commission of that felony. Rather, its possession was the essence of the felony itself. See Cabrera; Enroute; Pheil; Damron. We adopt the reasoning of Damron which held that an airplane was not an instrumentality in the crime of possession of an unregistered aircraft:
An instrumentality provides a means or assists in the commission of an offense; it is ancillary to the commission of the offense, rather than an element of the offense itself. For example, had the appellee used a printer to produce counterfeit registration documents, the printer would be an instrumentality.
The aircraft, however, is not the means or instrument by which the offense of possession of an improperly registered aircraft is committed. Instead, possession of an unregistered aircraft is the essence of the crime itself. To qualify as an instrumentality, the Cessna, which is not contraband per se, must have assisted in the commission of another, different felony. Possession of an improperly registered aircraft under the circumstances and conditions set forth in section 329.10 is a felony, but that status or state does not give rise to a different crime.
465 So.2d at 1383. See also In re Forfeiture of 1979 Mercedes, 484 So.2d 642 (Fla. 4th DCA 1986); Weisz v. Miami Shores Village, 461 So.2d 138 (Fla.3d DCA 1984).
Nor under the same type of reasoning was either the title certificate or the driver's license shown to be an instrumentality in the crime of fraudulently obtaining such a document. Neither document was ancillary to the commission of that crime; each document was the essence of that crime.
As to the title certificate, although it was kept in the Camaro and was therefore possessed in that way and it was transported in the Camaro, we have explained that its possession without intent to defraud is not a felony. Thus, the title certificate does not appear to be contraband incident to a felony involving its possession.

The Currency
There is no evidence to support the state's contention that the currency was used in violation of the Florida Contraband Forfeiture Act. The currency was not shown to have had any connection with any felony involving the unlawful license or title certificate or with any other crime and did not meet the criteria for forfeiture under either of the statutory provisos. See Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983).
The order of the trial court is affirmed.
DANAHY, A.C.J., and SANDERLIN, J., concur.