COBB, Chief Judge.
In this case the City of Orlando sought to forfeit a car in which the driver allegedly was carrying a partially concealed firearm, a .357 handgun. The trial judge entered summary judgment for the owner, and the City appeals.
The City contends that forfeiture is warranted on either of two independent statutory grounds:
(1) The vehicle contained a contraband article as defined in s. 932.701(2)(e), Fla. Stat. (1983), and is subject to forfeiture under s. 932.702 which makes it unlawful to transport, carry, conceal or possess any contraband article in or upon any motor vehicle; or
(2) The vehicle itself is a contraband article, subject to forfeiture for its use as an instrumentality in the commission of, or in aiding or abetting in the commission of any felony.
In regard to the first ground, the City relies upon the definition of a “contraband article” in section' 932.701(2)(e) as “any personal property, including ... any ... weapon ... actually employed as an instrumentality in the commission of ... any felony.” If the handgun was contraband, then section 932.702, Florida Statutes (1983), provides that it is unlawful to transport, carry or conceal such a contraband article in a motor vehicle, and sections 932.-703-.704 then provide for the seizure and forfeiture of any motor vehicle used in violation of the provisions of section 932.-702. The City argues that the .357 handgun was “a contraband article used as an instrumentality of the felony offense of carrying a concealed firearm,” and therefore the vehicle in which the gun was possessed is properly subject to forfeiture.
Based upon our reasoning in In Re Forfeiture of One 1978 Ford F250 Custom, Pick Up Truck, VIN F26HNBF3710, 438 So.2d 1023 (Fla. 5th DCA 1983) (hereinafter 1978 Ford F250), we would have to agree with the City and reverse the summary judgment. In that case we upheld the forfeiture of a truck because the owner possessed a short-barreled shotgun within it, and stated that the shotgun was the means by which the crime of its possession was committed, hence it was the instrumentality of the crime and contraband under section 932.701(2)(e). That rationale is in direct conflict with the reasoning in two subsequent cases emanating from this court: Pheil v. Griffin, 469 So.2d 942 (Fla. 5th DCA), dismissed, 478 So.2d 53 (Fla.1985), and City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985). Pheil and Indian Harbour are in accord with Weisz v. Miami Shores Village, 461 So.2d 138 (Fla. 3d DCA 1984), petition for review denied, 472 So.2d 1181 (Fla.1985). See also, In Re The Forfeiture of 1979 Mercedes, 4-Door, etc., 484 So.2d 642 (Fla. 4th DCA 1986); In Re Forfeiture of One Cessna 337th Aircraft, 475 So.2d 1269 (Fla. 4th DCA), dismissed, 480 So.2d 1293 (Fla.1985). Weisz is factually directly in point with the instant case, and in direct conflict with 1978 Ford F250. We now agree with Judge Ferguson’s analysis in Weisz that a firearm cannot be an instrumentality in the commission of the felony of carrying a concealed firearm. As pointed out in that opinion:
Section 932.701(2)(e) applies to make a handgun contraband only where the felony in which it is an instrumentality is, by generic definition, an independent felony which can be committed without that firearm.
461 So.2d at 140.
In 1978 Ford F250 we concluded that the shotgun was contraband for forfeiture purposes under section 932.701, et seq., Florida Statutes, because mere ownership or possession of that type of weapon is a felony under section 790.221, Florida Statutes. While it is true that mere possession of the sawed-off shotgun is a felony, the *174 weapon does not fit the definition of “contraband” in section 932.701(2)(a), (b), (c) or (d). To become contraband under subsection (e) of section 932.701(2), it would have to be used as an instrumentality in the commission of an independent felony, i.e., a felony other than the crime of possessing the weapon itself.
The appellant’s second argument is also supported by language in 1978 Ford F250, i.e., that Jorrin’s vehicle itself is contraband subject to forfeiture since it was used as an instrumentality in the commission of the felony of possession of a concealed firearm. This argument is based on the definitional language in section 932.-701(2)(e) which provides, inter alia, that contraband is a “vehicle of any kind ... employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.” Under sections 932.703-.704, such contraband is subject to seizure and forfeiture. The City argues that Jorrin’s vehicle aided in the commission of the felony of concealing the .357 handgun, and cites in support of that argument, in addition to 1978 Ford F250, our opinion in Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982), and In Re Forfeiture of 1978 Ford Fiesta, etc., 436 So.2d 373 (Fla. 4th DCA 1983).
In Marks we held that an automobile actually used to aid in the commission of the felony of aggravated assault — i.e., the car was the instrument of the threatened harm — was subject to forfeiture as a contraband article under sections 932.701(2)(e) and 932.703-.704. In 1978 Ford Fiesta the Fourth District held that an automobile actually used to facilitate the felony offense of indecent exposure could be subject to forfeiture under sections 932.701-932.-704. As pointed out by Judge Letts’ majority opinion in that case:
The automobile in this instance did more, much more, than serve as transportation to and from the scene of the crime. Indeed, it was used literally as a substitute for the classic trenchcoat.
436 So.2d at 374.
In the instant case, therefore, the question is whether the automobile did more than merely provide the location for the alleged felony. Was it “used literally” to facilitate the offense of carrying a concealed firearm? Did Jorrin use the car to carry or conceal the .357 on his person?
Under the facts adduced below, as set forth by the City’s memorandum filed with the lower court, at the time Jorrin was arrested for driving with a suspended license his car was searched and the .357 handgun was discovered “concealed in a handbag on the front seat, and readily accessible to [Jorrin].” Under these facts, clearly distinguishable from 1978 Ford Fiesta, the automobile was not used to conceal a firearm on or about the person of Jorrin. See § 790.01, Fla.Stat. (1983). The handbag may have been used for that purpose. Consequently, the second ground argued by the City is factually unfounded in the record.
We have considered this case en banc in order to recede from our opinion in 1978 Ford F250 to the extent that it is inconsistent with our opinion here, and with our opinions in Pheil and City of Indian Harbour Beach.
AFFIRMED.
DAUKSCH, ORFINGER, UPCHURCH, SHARP and COWART, JJ., concur.