HERSEY, Chief Judge,
dissenting.
The facts and the issue are simply stated. Appellant owned a black Porsche automobile. Upon acquiring a burgundy-colored Porsche under suspicious circumstances, he transferred the Vehicle Identification Number plate from the black Porsche to the burgundy Porsche. The trial court held:
The plate is not separate and apart from the vehicle. It is part and parcel of the vehicle to which it is attached.... It cannot exist by itself. It must exist again connected to a particular vehicle. ... It is the identity of the black Porsche that goes with the VIN number and so, therefore, the argument by the Petitioners (the City) herein that there was a utilization of the identification of the Porsche through the plate is accepted by the Court, and that judgment for the forfeiture is hereby granted as to the 1976 Porsche, black.
The trial court and apparently the majority here, equate the plate to an automobile’s “identity” and reason that because the “identity” of the black Porsche was transferred to the burgundy Porsche, the former therefore “has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of” the felony of grand theft, i.e., the theft of the burgundy Porsche, pursuant to section 932.701(2)(e), Florida Statutes (1985).
While forfeiture, appropriately circumscribed, is a potent weapon in the war against crime, it is obviously an extraordinarily harsh penalty. Cabrera v. Department of Natural Resources, 478 So.2d 454 (Fla. 3d DCA 1985). To permit its extension through the legal fiction of an automobile’s “identity” in my judgment goes too far and in future cases, by analogy, will produce unfair and potentially unconstitutional results. For that reason I respectfully dissent.