CAMPBELL, Acting Chief Judge.
In this appeal appellants challenge the forfeiture of a vehicle titled in the name of appellant Barbara Grubb and operated by appellant Jay Grubb when he struck and killed a pedestrian. The petition for forfeiture of the vehicle pursuant to sections 932.701 through 932.704, Florida Statutes (1985) alleged that the vehicle was used or intended to be used in violation of section 782.071, Florida Statutes, Vehicular Homicide. The final judgment and final order of forfeiture finds that the vehicle “was used in the commission of vehicular homicide, a felony of the third degree.” Appellants raise three issues on this appeal. We agree with the first issue and reverse on that basis. We do not find it necessary to reach or decide the other issues. Appellants in their first issue argue that the vehicle was not subject to forfeiture because use of a vehicle is an “element” of the offense of vehicular homicide and, therefore, cannot be considered as an “instrumentality” of the offense as required by section 932.701(2)(e). We agree. See In re Forfeiture of One 1968 Cessna 310, Serial No. 0037, Registration No. 41370: Heinrich v. Madden, 496 So.2d 995 (Fla. 2d DCA 1986); City of St. Petersburg Beach v. Jewell, 489 So.2d 78 (Fla.2d DCA 1986); In re Forfeiture of 1979 Mercedes, 4-Door, VIN No. 11603312085778, Tag No. WHJ 371, 484 So.2d 642 (Fla. 4th DCA 1986); Cabrera v. Department of Natural Resources, 478 So.2d 454 (Fla. 3d DCA 1985); City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985).
The judgment of forfeiture is reversed and this cause remanded for treatment consistent herewith.
FRANK and HALL, JJ., concur.