Dr. James D. Sewell Chief of Police City of Gulfport 2401-53rd Street South Gulfport, Florida 33707
Dear Chief Sewell:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 Whether the City of Gulfport Police Department is authorized by the Florida Contraband Forfeiture Act to seek forfeiture of a motor vehicle when the driver of such motor vehicle is arrested and charged with a felony count of driving under the influence pursuant to s. 316.193(2)(b), F.S.?
In summary:
 It would appear that a motor vehicle driven by a person arrested and charged with a felony count of driving under the influence is not "an instrumentality" in the commission of such felony but represents an element of the offense itself. Thus, the motor vehicle would not appear to be contraband pursuant to s. 932.701(2)(e), F.S., which would be subject to forfeiture.
Your letter states that an individual was recently charged by officers of the Gulfport Police Department with driving under the influence. A routine computer check indicated that this individual had four prior convictions for driving under the influence. Pursuant to s. 316.193(2)(b), F.S., conviction of a fourth or subsequent violation for driving under the influence constitutes a felony of the third degree. You ask whether, under such circumstances, the Police Department of the City of Gulfport is authorized by the Florida Contraband Forfeiture Act to seek forfeiture of the motor vehicle which was being driven when the crime was committed.
Grounds for forfeiture of a motor vehicle pursuant to the Florida Contraband Forfeiture Act are contained in ss. 932.701-932.703, F.S. A forfeiture is authorized if the motor vehicle is "contraband" as defined in s. 932.701(2)(e), F.S., i.e., if it has been "employed as an instrumentality in the commission of . . . any felony," or if, as provided in s. 932.702, F.S., it is used to "transport . . . conceal or . . . facilitate the transportation . . . of any contraband article."[1]
Your inquiry specifically refers to s. 932.701(2)(e), F.S., which defines "contraband article" to include:
 Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
In delineating under what circumstances such property becomes an instrumentality and subject to forfeiture pursuant to s. 932.704, F.S., Florida courts have stated that "[a]n instrumentality [pursuant to s. 932.702(2)(e), F.S.] provides a means or assists in the commission of the offense, rather than [being] an element of the offense itself."[2] An instrumentality has been said to be "ancillary to the commission of the offense, rather than an element of the offense itself."[3] Thus, the property or article in question cannot be the essence of the crime itself but, to be an instrumentality, it "must have assisted in the commission of another, different felony."[4]
In several illustrative cases, Florida courts have determined an automobile to be an instrumentality subject to forfeiture pursuant to s. 932.704, F.S. In Marks v. State[5] the Fifth District Court of Appeal held that an automobile was used to aid in the commission of the felony of aggravated assault, i.e., the car was used as the instrument of the threatened harm and was, therefore, subject to forfeiture pursuant to s. 932.704, F.S. The Fourth District Court of Appeal determined in the 1978 Ford Fiesta[6]
case that an automobile actually used to facilitate the felony offense of indecent exposure could be subject to forfeiture pursuant to s. 932.701-932.704, F.S. In that opinion the court stated that "[t]he automobile in this instance did more, much more, than serve as transportation to and from the scene of the crime.
Indeed it was used literally as a substitute for the classic trenchcoat."[7] In In re Forfeiture of One 1968 Cessna,[8]
however, the property was found by a court to be an element of the offense charged rather than an instrumentality pursuant to s.932.701(2)(e), F.S. In that case the court held that forfeiture of the aircraft would be inappropriate as it was an element of the offense of reckless operation of an aircraft, not an instrumentality used in the commission of, or aiding or abetting in the commission of another, different felony.
While a definitive determination of this mixed question of law and fact may only be undertaken by the courts, it would appear that a motor vehicle driven by a person charged with a felony count of driving under the influence would be an element of the offense, not an instrumentality in the commission of such felony pursuant to s. 932.701(2)(e), F.S. Therefore, such a vehicle is not, in my opinion, subject to forfeiture pursuant to the Florida Contraband Forfeiture Act.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (5 D.C.A. Fla., 1985).
[2] City of Indian Harbour Beach, supra; Pheil v. Griffin,469 So.2d 942 (5 D.C.A. Fla., 1985).
[3] City of Indian Harbour Beach, supra. See also, City of Orlando, Police Department v. Jorrin, 489 So.2d 172, 173 (5 D.C.A. Fla., 1986), citing Weisz v. Miami Shores Village, 461 So.2d 138, 140 (3 D.C.A. Fla., 1984), pet. for rev. den. 472 So.2d 1181 (Fla. 1985) ("Section 932.7012[e] applies to make [an article] contraband only where the felony in which it is an instrumentality is, by generic definition, an independent felony which can be committed without that [article]"); Cabrera v. Department of Natural Resources, 478 So.2d 454 (3 D.C.A. Fla., 1985) ("To qualify as an instrumentality, the article must have been employed in the commission of a separate felony.")
[4] City of St. Petersburg Beach v. Jewell, 489 So.2d 78 (2 D.C.A. Fla., 1986).
[5] Marks v. State, 416 So.2d 872 (5 D.C.A. Fla., 1982).
[6] In re The Forfeiture of 1978 Ford Fiesta (3 Door) VIN # GCFBTK24642, Fla.Tag # VUH234 Tan in Color, 436 So.2d 373 (4 D.C.A. Fla., 1983).
[7] 1978 Ford Fiesta, supra at 374.
[8] In re Forfeiture of One 1968 Cessna 310 Serial # 0037, Registration No. 41370, 496 So.2d 995 (2 D.C.A. Fla., 1986).