ORDER DISMISSING CAUSE
SCHEB, Acting Chief Judge.
Ronald B. Elliott challenges a final order of forfeiture of a Piper Seneca airplane on the ground that the trial court erroneously held that the aircraft was involved in drug smuggling. Elliott argues that notwithstanding the fact that the aircraft possessed the characteristics normally associated with an airplane used for smuggling, the evidence was legally insufficient to allow forfeiture of the aircraft.
The proceeding below began when Aircraft Engineering, Inc. filed an action to foreclose its claim of lien for maintenance and repairs on the aircraft. The Sheriff was joined as a party defendant since he had seized the airplane pursuant to the Florida Contraband Forfeiture Act, found in sections 932.701-704, Florida Statutes (1985). The Sheriff published notice of his intent to apply for a show cause order. The notice was directed to Aircraft Engineering, Inc., Pilot Rental & Leasing Corporation, Ronald B. Elliot (sic), Maria Munoz, Jose S. Munoz, and Ana Casilda Ruiz Roman. Shortly thereafter, a show cause order was issued and an evidentiary hearing followed.
Elliott, who appeared at the hearing through counsel, was the only party to contest the forfeiture. Counsel for the Sheriff questioned whether Elliott had standing in the action. The trial court apparently thought that Elliott did have standing due to his alleged involvement with the dissolved corporation and entered a final judgment forfeiting the aircraft to the Polk County Sheriff’s Department.
According to the record, the aircraft was seized by the Polk County Sheriff’s Department on October 14,1986, as being in violation of section 329.10, Florida Statutes (1985), which requires that an aircraft maintain current registration with the Federal Aviation Administration. Federal Aviation Administration records identified *1124 Florida Pilot Rental & Leasing Corporation as the record title owner of the aircraft. The record further revealed that Florida Pilot Rental & Leasing Corporation was dissolved by the Secretary of State on November 1,1985, for failure to file its annual report as required by law. § 607.271(2)(a), Fla.Stat. (1985). The last annual report of the corporation, which was filed on May 17, 1984, listed Jose S. Munoz, Maria Munoz, and Ana Casilda Ruiz Roman as the officers and directors of the corporation.
Under the law, the directors of a corporation at the time of its dissolution or expiration are the persons designated as trustees for the property owned by the corporation. § 607.301 Fla.Stat. (1985). We find no record evidence that Elliott was a director of the corporation at the time of its dissolution, although it appears that he was an officer and resident agent for the corporation at one time. Elliott was named in the notice of forfeiture proceedings presumably since the Sheriff believed in error that Elliott was one of the last known directors of the now defunct corporation and may have had an interest in the aircraft.
Therefore, because Elliott lacked standing as a trustee of the defunct corporation to contest the forfeiture action in the trial court, he is without standing to pursue the matter in this court. See In re Forfeiture of One 1946 Lockheed L-18 Loadstar, 493 So.2d 10 (Fla. 2d DCA 1986). Although we do not reach the issue of whether the evidence was sufficient to justify the order of forfeiture, we agree with the trial judge that improper registration alone does not subject an aircraft to forfeiture pursuant to the provisions of the Florida Contraband Forfeiture Act in effect on October 14, 1986, when the plane was seized. See, City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985).
Accordingly, we dismiss this appeal.
DANAHY and HALL, JJ., concur.