WARNER, Judge,
concurs specially.
While I concur in the result reached, I respectfully disagree that the statute is unconstitutional because of substantive due process violations. I would hold that the statute passes the two prong test of State v. Saiez, 489 So.2d 1125 (Fla.1986). I find that the proper legislative purpose that it addresses is air safety, and the means employed are rationally related to the goal of making sure an aerodynamieally unsafe plane doesn’t fly. I don’t think that the statute criminalizes activity which is inherently innocent. What it punishes is the possession of an inherently unsafe plane, and that plane equipped with nonconforming fuel tanks cannot be put to a lawful use. Thus, it is unlike the credit card embossing machine in Saiez which was in itself inherently innocent.
The forfeiture of the plane is explicitly authorized by statute. The statute declares that planes in violation of the statute are contraband per se. The amendment including that language was added for the specific purpose of avoiding the ruling of City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985) which held that an airplane which was improperly registered was an essential element of the offense itself and therefore was not subject to forfeiture as an instrumentality in the commission of the offense. See Staff of Florida Senate Comm, on Judiciary-Criminal, CS for HB 1467 (1987), Staff Analysis (revised May 25, 1987) (on file with committee). The legislative amendment has now made the plane contraband per se and thus not within the scope of the Damron ruling. Where the statute is clear and unambiguous, the courts have no discretion but to enforce its terms. See U.S. v. Addison, 260 F.2d 908 (5th Cir.1958) (forfeiture statute must be enforced where clear and unambiguous). And forfeiture, while extreme, is exceedingly effective in removing an unsafe airplane from use. Thus, I would hold that the statute does not violate due process.
However, I would hold that the statute is preempted by federal legislation under the Supremacy Clause of the federal constitution.[2] 49 U.S.C.App. § 1472(b)(1)(G) provides that it is unlawful to operate a plane with nonconforming fuel tanks. Criminal penalties are imposed, and the plane is subject to forfeiture. I would hold that this act preempts state legislation on the subject. Where the federal interest in the area of regulation is so dominant, the federal system will be assumed to preclude enforcement of state laws on the same subject. Hillsborough County, Fla. v. Automated Medical Laboratories, 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). The nation’s airways are indeed an area of particular federal interest. City of Burbank v. Lockheed Air Terminal, 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973). Indicative of that is the extensive scheme of regulation through the Federal Aviation Administration. But most telling of a congressional intent to preempt this area of aircraft regulation is 49 U.S.C.App. § 1472(b)(5)—Effect on State Law. That section provides:
Nothing in this subsection or in any other provision of this chapter shall preclude a State from establishing criminal penalties, including providing for forfeiture or seizure of aircraft, for a person who—
(A) knowingly and willfully forges, counterfeits, alters, or falsely makes an aircraft registration certificate;
(B) knowingly sells, uses, attempts to use, or possess with intent to use fraudulent aircraft registration certificate;
*1362 (C) knowingly and willfully displays or causes to be displayed on any aircraft any marks that are false or misleading as to the nationality or registration of the aircraft; or
(D) obtains an aircraft registration certificate from the administrator by knowingly and willfully falsifying, concealing or covering up a material fact, or making a false, fictitious, or fraudulent statement or representation, or making or using any false writing or document knowing the writing or document to contain any false, fictitious, or fraudulent statement or entry.
Notably absent from the permitted state offenses is the use of a plane with nonconforming fuel tanks. Therefore, I conclude that having legislated on this subject, and having specified the areas in which the state may still enforce its laws, Congress has preempted this area of aviation regulation of planes with nonconforming fuel tanks so that section 330.40, Florida Statutes (1987) is unconstitutional for violation of the Supremacy Clause.

. I acknowledge that this was not raised by appellee in its answer brief. It was raised to the trial court by motion, and it allows me to concur in an affirmance of the trial court on a "right for the wrong reasons” analysis.