HENDRY, Judge.
This is an appeal by plaintiff Gwendolyn A. Swift from a final summary judgment entered for the defendants in an action by plaintiff for damages against defendant Gillingham Insurance Company and for compulsory arbitration against defendant Century Insurance Company of New York.
The plaintiff’s action was for injuries sustained while driving an automobile of a “friend” when it collided with the automobile of an uninsured motorist. At the time of the accident, plaintiff claimed that she was the common law wife of Jimmy Milton who was a named insured in a policy issued to him by Century Insurance pursuant to an application with Gillingham Insurance Company for a standard form automobile liability policy with uninsured motorist coverage. Milton, in his application for insurance, listed the plaintiff as a driver and as his wife.
The injuries complained of occurred on September 10, 1970, six to eighteen months after Milton and plaintiff had ceased to live together. She was living with Charles Dawkins, the owner of the automobile which she was driving when she was injured.
Plaintiff claimed coverage under the policy in question based on the contract of insurance issued to Jimmy Milton that provided for family protection coverage for all sums to which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. The policy states that insured means :
“(1) The named insured as stated in the policy (herein also referred to as the ‘principal named insured’) and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either.”
Defendant’s main defense as set forth in the answer was that the plaintiff was not a resident of the household of Jimmy Milton at the time of the accident in question.
The defendants moved for a summary final judgment and made it clearly to appear by the pleadings, depositions, exhibits and affidavits that the plaintiff was living with Charles Dawkins and not Jimmy Milton, her alleged common law husband. The trial court granted defendants’ motion. *90 It is appellant’s contention that the court erred in granting summary final judgment. We reject this contention; she was not a resident of Jimmy Milton’s household.
A motion for summary judgment may be granted when it is made to appear from the pleadings, depositions, affidavits or other evidence before the court that there exists no genuine issue of material fact to be tried. We think the trial court was correct in finding the absence of any genuine issue of a material fact to be determined by trial.
Accordingly, the judgment appealed is affirmed.