COPE, Judge.
The State appeals an order dismissing an information against appellee Nathaniel James. We reverse.
James purchased a new automobile for which he paid the dealer in full. He signed six copies of the bill of sale as Gregory Lebon James, not his true name. When stopped for a traffic violation, appellee displayed a motor vehicle registration in the name of Gregory Lebon James, and told the arresting officer that was his name. He later admitted to the police officer that his name is Nathaniel James.
The State’s amended information charged appellee with the use of a false name with intent to commit fraud in an application for a motor vehicle registration and/or title in violation of § 319.33(1)(e), Florida Statutes (1987), a third degree felony. The statute provides:
(1) It is unlawful:
[[Image here]]
(e) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.
Appellee filed a sworn motion to dismiss, contending in substance that the statute requires proof of intent to defraud the automobile dealer from whom he purchased the vehicle. Although the information alleged intent to defraud, see State v. Copher, 395 So.2d 635, 637-38 (Fla. 2d DCA 1981), it did not allege fraud against the automobile dealer, nor could it, since the dealer had been paid in full. The trial court agreed that the statute is intended to protect automobile dealers. Since the automobile dealer had suffered no loss, the trial court dismissed the information.
With deference to the trial court, we disagree. The purpose of the particular paragraph under which appellee was charged is to assure a complete and accurate system of motor vehicle records in this state. The system is maintained in the public interest for law enforcement purposes and for the prevention of fraud in vehicle ownership, liens and conveyancing. The intentional submission of an application in a false name is inherently misleading and injurious, both to the agency responsible for the motor vehicle records, and those who depend upon them. The motion to dismiss should have been denied.[1]
*290 Accordingly the order under review is reversed and the case is remanded for further proceedings.[2]

. We acknowledge that our disposition may be in conflict with City of St. Petersburg Beach v. Jewell, 489 So.2d 78 (Fla. 2d DCA 1986).
The present case, unlike Jewell, involves a criminal charge only. No question of forfeiture of the vehicle is before us.

. Although not raised by the sworn motion to dismiss, it appears that § 319.33(1)(e) applies only to motor vehicle ownership documents: bills of sale, motor vehicle titles, and similar matters regulated by chapter 319, Florida Statutes. Motor vehicle registrations, by contrast, are regulated by chapter 320, Florida Statutes (1987), which provides separate penalties for violations of its provisions. See §§ 320.02(6), 320.57, Fla.Stat. (1987).
To the extent the State has utilized § 319.33(1)(e) to charge false statement in an application for a motor vehicle registration, the information appears to be defective. Since the sworn motion to dismiss does not specifically treat the issue of the automobile registration, and the issue was not briefed or argued here, we do not reach it. Our reversal of the sworn motion to dismiss is without prejudice to the trial court's consideration of an appropriate motion directed to the charges involving the motor vehicle registration.