NESBITT, Judge.
The Department of Natural Resources (DNR) appeals a final judgment denying its petition for forfeiture of a motor boat. We reverse.
An officer of the Florida Marine Patrol stopped the operator of the vessel in question for a safety check. He saw that the registration number affixed to the bow of the hull did not match that on the registration certificate the operator produced. The number on the hull indicated the boat was registered to a person in Jacksonville while the registration certificate indicated the vessel belonged to a Miami company called Johnny’s Coral Maintenance Corporation. After further observing that the address listed on the registration certificate was that of the Trail Auto Tag Agency, the officer seized the vessel as being fictitiously registered pursuant to section 328.-05(3)(c), Florida Statutes (1987).
■Further investigation showed that the record owner of the vessel, Johnny’s Coral Maintenance Corporation, had been involuntarily dissolved some eleven months pri- or to the date of application for the boat title. Thus, it appeared without question that the vessel had been falsely registered. While the trial judge recognized that the vessel had been incorrectly registered, he found forfeiture too harsh a penalty given the fact that there was no collateral crime such as drug trafficking involved. Based on stipulations of fact made by the parties, *1131 the trial judge further found the boat owner lacked the statutorily required fraudulent intent in registering the boat necessary to warrant forfeiture.
In this appeal, the DNR argues that section 328.05(3)(c) does not require a showing of a collateral crime as a prerequisite to forfeiture. The department contends that all that is required is proof of title fraud. We agree that section 328.05(3)(c) does not require proof of a collateral crime in order to mandate forfeiture. Nothing in its wording indicates such intent.[1] We reject appellee’s claim to the contrary. Proof of an intentional failure to truthfully register title is necessary under the statute, however. This is because section 328.05(3)(c) must be construed in pari materia with the general forfeiture statute, sections 932.-701-932.704, Florida Statutes (1987), under which an “innocent” mistake in registering a vessel is not grounds for forfeiture.
In the case before us, forfeiture is mandated because the false information appearing on the title to the boat at issue was given neither innocently nor by mistake. The intent clearly was to purposely adopt a scheme to avoid the public’s detection of the boat owner. Consequently, the trial judge’s holding to the opposite effect constitutes not only a failure to apply the applicable statutory law to the facts of the case, see Green v. Putnam, 93 So.2d 378 (Fla.1957), but also a failure to enter a decision in accord with the manifest weight of the uncontroverted [but stipulated] evidence. See Scarfone v. Magaldi, 522 So.2d 902 (Fla. 3d DCA), review denied sub nom. Government Employees Ins. Co. v. Scarfone, 531 So.2d 1353 (Fla.1988).
Juan Manuel Gonzalez was the president of the defunct Johnny’s Maintenance Corporation. It is undisputed that he caused his agent to go to the Trail Tag Agency and register the boat in the name of the corporation which Gonzalez knew had been dissolved some eleven months prior. When the tag agency clerk asked for the address of the record title owner of the boat, Gonzalez’s agent apparently stated that he did not know the address even though the corporation had listed an address with the Florida Secretary of State when the company was incorporated.
Based on defendant’s stipulation that the tag agency clerk would testify that it was she who suggested that Gonzalez’s agent list the Trail Tag Agency address as that of the boat owner, the trial judge determined that the boat owner could not be held accountable for failure to give a truthful address. However, it was Gonzalez’s decision, through his agent, to give an untruthful address. It was Gonzalez’s decision to state that the record title holder was a corporation which he knew to be dissolved. It was Gonzalez’s decision to forego ascertaining that the registration number on the boat’s hull matched that on the boat registration certificate. The cumulative effect of these decisions to intentionally give false information regarding title to the vessel was to deprive the people of the State of Florida, through their law enforcement officers, the right to an accurate, complete system of motor boat records. Cf. State v. James, 543 So.2d 288, 289 (Fla. 3d DCA 1989). Because “[t]he system is maintained in the public interest for law enforcement purposes and for the prevention of fraud in vehicle ownership, liens, and conveyancing,” id. at 289, this court cannot condone a vessel owner’s intentionally giving false and misleading information on the premise that a tag agency clerk did not stop him from doing it. Neither can this episode be termed an innocent mistake simply because after allowing the title to be incorrectly recorded for some months, upon the vessel’s seizure, Gonzalez quickly reincorporated his company.[2]
*1132 In sum, to hold that these intentionally false statements in registering the boat did not contravene section 328.05(3)(c) and its forfeiture requirement would be in direct disregard of the clear intent of the law.
For the foregoing reasons, the final judgment is reversed with directions to enter a judgment of forfeiture in favor of the Department of Natural Resources.[3]
GERSTEN, J., concurs.

. The applicable statute states:
(3) It is unlawful:
[[Image here]]
(c) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.
§ 328.05(3)(c), Fla.Stat. (1987).

. While entirely unnecessary to the disposition of this case, one cannot help but wonder if an anonymous boat owner would be so quick to *1132 come forward after a seizure of his fraudulently titled vessel were that vessel the cause of an accident or involved in some sort of illegal activity.

. When this case came on for trial, the parties decided to present their evidence by way of stipulation rather than a plenary trial proceeding. Clearly, the case was not decided by way of summary judgment, as the dissent posits. The effect of denominating the trial court’s decision a summary judgment is to not only force the parties to utilize one system of presenting evidence as opposed to another but also to give the defendant, who fully acquiesced in the original procedure selected, a second try at proving his case.