PER CURIAM.
The City of S.weetwater, in a forfeiture action, appeals from an order quashing a rule to show cause and returning a vehicle to its owner. For the following reasons, we reverse.
On December 29, 1987, officers of the Sweetwater Police Department stopped a 1986 Porsche whose driver had committed a traffic violation. The driver had no Florida driver’s license and identified himself as Florido Mendez. One officer recognized the driver to be Peter Zaldivar, a federal fugitive. Zaldivar allegedly had purchased the Porsche for cash from Palmetto Sports Cars and had applied for title to the vehicle under the name Florido Mendez.
The City took possession of the car and filed a petition for rule to show cause seeking title to the Porsche pursuant to section 319.33(6), Florida Statutes (1987). The City’s initial petition was dismissed with leave to amend. The City then filed a complaint for forfeiture alleging that Zaldi-var had sought title to the car using the false name Florido Mendez in violation of section 319.33 and that, pursuant to section 319.33(6), the vehicle was subject to forfeiture. Zaldivar moved to dismiss the complaint on the ground that the City had failed to allege that Zaldivar had used a false or fictitious name in order to further a fraud. The trial court granted the motion and ordered the City to return the car to its equitable owner or to his attorney. Because we find that the complaint properly alleged the elements required for forfeiture under section 319.33, we reverse.
Section 319.33(l)(e) provides that: “It is unlawful ... [t]o use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.” Section 319.33(6) provides that “[a]ny person who violates any provision of this section is guilty of a felony of the third degree...,” and that “[a]ny motor vehicle used in violation of this section shall constitute contraband which may be seized by a law enforcement agency and shall be subject to forfeiture proceedings_” ,
“[T]o invoke a statutory right the pleader must either allege ultimate facts to activate the statute or show how the statute applies.” Life Laboratories, Inc. v. Valdes, 387 So.2d 1009, 1010 (Fla. 3d DCA 1980). Pursuant to section 319.33(6), all that the pleader must allege are ultimate facts showing that the motor vehicle was used in violation of section 319.33. “The intentional submission of an application in a false name is inherently misleading and injurious, both to the agency responsible for the motor vehicle records, and those who depend upon them.” State v. James, 543 So.2d 288, 289 (Fla. 3d DCA 1989). Thus, no allegation or proof of intent to defraud is necessary to trigger the criminal sanctions attached to section 319.33, State v. James, 543 So.2d at 289; likewise, no such allegations are necessary in a civil action seeking forfeiture of the vehicle.[1]
*662 The City alleged ultimate facts showing that Zaldivar used a false name when he applied for title to the car and, thus, violated section 319.33. Therefore, the City has alleged sufficient facts to invoke forfeiture proceedings under section 319.33(6). The City must, of course, still prove those facts which it has alleged.
Reversed and remanded for further proceedings.

. In City of St. Petersburg Beach v. Jewell, 489 So.2d 78 (Fla. 2d DCA 1986), the second district *662 held that mere possession of an unlawfully issued automobile title certificate was not a crime that subjected the automobile to forfeiture, absent a showing of intent to defraud. However, Jewell was decided before section 319.33(6) was amended, effective October 1, 1987, to render subject to forfeiture any vehicle used in violation of section 319.33. Our decision today, therefore, does not conflict with Jewell.