PER CURIAM.
The Pompano Beach Police Department seized a thirty-one-foot Seahawk “Cigarette” vessel, which had no hull number. The appeal is from the trial court’s final order of dismissal of the City’s amended verified complaint which alleged:
3. The property which is the subject matter of this action is described as follows:
ONE 31' SEAHAWK “CIGARETTE” VESSEL, HULL NUMBER not available
4. On or about the 8th day of April, 1988 in Pompano Beach, Broward County, Florida, the property described in paragraph three (3) above, was used in violation of Section 932.701 through 932.-704 of the Florida Statutes (1985), or a violation of said sections then and there took place in, upon or by means of said property, or said property is “personal property” as defined by Sections 932.701 through 932.704 of the Florida Statutes (1985). Further, that based on the training and experience of the police officer, there is probable cause to believe that said personal property was used in the commission of or was used as an instrumentality in committing or was used to aid and/or abet and/or facilitate a felony, to wit: Florida Statute 328.07 subpar-agraph 3 (a) and (b) and 4 (a), (b) and (c), wherein said property did contain or have hull identification numbers which were either destroyed, or removed, or altered, or covered, or defaced, or obliterated, or said vessel had hull identification numbers which were either altered, or removed, or destroyed, or covered, or defaced, or where the real identity of the vessel could not be determined. Furthermore, said claimant either owned or bought, or received, or concealed, or had in his possession, said vessel wherein the assigned identification number had been altered, or removed, or destroyed, or covered, or defaced, or said claimant did maintain said vessel in a manner in which concealed or misrepresented the true identity of the vessel.
This is not a government agency’s first attempt to effect forfeiture of a vessel based solely upon altered identification. This court, per curiam, affirmed the trial court’s final summary judgment against the Sheriff of Broward County in In re The Forfeiture of One 1980 53' Hatteras Vessel, 568 So.2d 443 (Fla. 4th DCA 1990), albeit of no precedential value.
We hold while such omission is the basis for a seizure something more is required for a forfeiture. During the 1986 legislative session, subsection 328.07(3) was subdivided into parts (a) and (b). Into (a) went the original wording of 328.07(3) and (b) was added. Subsection 328.07(3) now states:
(a) No person, firm, association, or corporation shall destroy, remove, alter, cover, or deface the hull identification number or hull serial number, or plate bearing such number, of any vessel.
(b) If any of the hull identification numbers required by subsection (1) do *1040 ■ not exist or have been altered, removed, destroyed, covered, or defaced or the real identity of the vessel cannot be determined, the vessel may be seized as contraband property by a law enforcement agency or the division, and shall be subject to forfeiture pursuant to ss. 932.701-932.704. Such vessel may not be sold or operated on the waters of the state unless the division is directed by written order of a court of competent jurisdiction to issue to the vessel a replacement hull identification number which shall thereafter be used for identification purposes.
Appellant argues this subsection provides that a vessel whose hull numbers meet the provisions of the above subsection is contraband per se and subject to forfeiture without having been used as an instrumentality in the commission of another felony; that this interpretation is necessary or the legislative amendment is of no effect whatsoever; and that the 1986 amendment is a response to Cabrera v. Dep’t of Natural Resources, 478 So.2d 454 (Fla. 3d DCA 1985), in which the third district, applying the 1983 version of section 328.07, Florida Statutes, held that the vessel was not subject to forfeiture. We disagree with the City’s conclusion as to the legislature’s intent and note that neither party has provided the court with legislative history to support their arguments.
Although we do not find seizure, without more, to be the hollow remedy the City finds it, we hold, as did the third district in reference to an analogous statute, that some wrongdoing must be alleged in addition to the mere possession of the vessel with no or altered hull numbers. See State, Dep't of Natural Resources v. Johnny’s Coral Maintenance Corp., 552 So.2d 1130 (Fla. 3d DCA 1989).
In Johnny’s Coral, the third district, in a split decision, found an analogous statute did not require proof of a collateral crime in order to mandate forfeiture; but an affirmative act of wrongdoing and guilty knowledge had been established, which was sufficient to warrant reversal and remand with direction to order forfeiture. Like subsection 328.07(3), subsection 328.05(3)(c) does not include the word “knowingly”; however, the court reasoned that intent or guilty knowledge was necessary to permit forfeiture.
For the vessel in the instant case to be subject to forfeiture, the City was required to allege either guilty knowledge or intent. The verified amended complaint does not allege that the owners “knowingly or intentionally concealed” the vessel or misrepresented the identity of the vessel in violation of section 328.07(4)(b), which provides:
(b) It is unlawful for any person to knowingly buy, sell, offer for sale, receive, dispose of, conceal, or have in his possession any vessel or part thereof on which the assigned identification number has been altered, removed, destroyed, covered, or defaced or maintain such vessel in any manner which conceals or misrepresents the true identity of the vessel. [Emphasis added.]
The City was given the opportunity to amend further and chose not to do so. Accordingly, we affirm.
GLICKSTEIN, J., and OFTEDAL, RICHARD L., Associate Judge, concur.
ANSTEAD, J., dissents with opinion.