PER CURIAM.
The Sheriff of Broward County, Nicholas Navarro, appeals from the denial of his petition for forfeiture of a boat and boat trailer. Navarro alleged in a complaint for forfeiture that the boat, which is owned by appellee, Victor Dessberg, was used in contravention of the Florida Contraband Forfeiture Act because it lacked a hull identification number in violation of section 328.-07, Fla.Stat. (1989). Section 328.07 provides:
(1) No person shall operate on the waters of this state a vessel ... unless the vessel displays the assigned hull identification number ...
******
(3)(a) No person, firm, association, or corporation shall destroy, remove, alter, cover, or deface the hull identification number or hull serial number, or plate bearing such number, of any vessel.
(b) If any of the hull identification numbers required by subsection (1) do not exist or have been altered, removed, destroyed, covered, or defaced or the real identity of the vessel cannot be determined, the vessel may be seized as contraband property by a law enforcement agency or the division, and shall be subject to forfeiture pursuant to ss. 932.701-932.704 ...
The trial court denied the forfeiture, finding that no evidence showed that the boat was used or intended to be used in the commission of a crime nor maintained with the intent to conceal its identity. The court ruled that section 328.07 had to be read in conjunction with the Florida Contraband Forfeiture Act and found that these sections did not allow forfeiture of property belonging to a person who is innocent of any intentional wrongdoing. Sheriff Navarro appeals. We affirm.
In a recent opinion this court ruled that in order to support forfeiture some wrongdoing must be alleged in addition to mere possession of a vessel with altered or covered hull numbers. There must be either guilty knowledge or intent alleged. See In re the Forfeiture of One 31' Sea-hawk “Cigarette” Vessel, hull number, not available, 572 So.2d 1038 (Fla. 4th DCA 1991.) Further, when section 328.07 is read in pari materia with section 932.-704 it seems clear that the state must present proof of wrongdoing on the part of the owner of the boat. Section 932.704 provides, in relevant part:
The state attorney ... shall promptly proceed against the contraband ... by rule to show cause ... and may have such contraband ... forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article ... was being used in violation of the provisions of this act.
Further, section 932.703(2) provides:
No property shall be forfeited under the provisions of ss. 932.701 — 932.704 if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such *680 property was being employed or was likely to be employed in a criminal activity.
Accordingly, we affirm the order of the trial court which denied the petition for forfeiture.
AFFIRMED.
HERSEY, C.J. and POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.