DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIA SERRET TEJADA,**
Appellant,

v.

**FORFEITURE OF 2015 CADILLAC ESCALADE VIN NO: 1GYS4BKJ5FR157228,**
Appellee.

No. 4D18-1474

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 16-012401 CACE.

Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.

Gregg Rossman and Alexander Fischer of Rossman Legal, Davie, for appellee.

MAY, J.

The defendant appeals a final summary judgment forfeiting an Escalade. She argues the trial court erred in entering summary judgment because: (1) there were genuine issues of material fact precluding summary judgment; (2) forfeiture actions may only be decided by a jury; (3) the vehicle was not "contraband;" and (4) the forfeiture violates the Eighth Amendment. We find no merit in the first three issues, but reverse on the fourth issue based on a recent U.S. Supreme Court decision.[1]

The Town of Davie ("Town") petitioned for forfeiture of the defendant's Escalade after she pleaded to two misdemeanors involving the registration of the vehicle in a false name. The defendant's family had contacted Massachusetts law enforcement and reported her missing. A national bulletin listed the defendant and her son as missing. Information through homeland security indicated that the defendant might be in Davie, Florida.

---

[1] The trial court did not have the benefit of the Court's recent decision when it ruled on the motion for summary judgment.

Law enforcement conducted surveillance to find the defendant.  They found her at her son's school.  They observed her park and exit a 2015 Escalade.

When law enforcement confronted her, they asked her to identify herself, at which point she gave the false name of "Amarilys."  She then gave them her real name.  Law enforcement verified she was not missing or endangered and notified Massachusetts law enforcement.

They ran a teletype check of the Escalade, which listed Amarilys Ambert as the registered owner.  They asked the defendant for the registered owner's contact information; she refused to provide it.  Being unable to locate or contact the registered owner, and because the defendant refused to provide her driver's license, law enforcement arrested the defendant and had the Escalade towed.

During the tow inventory of the Escalade, law enforcement found a Florida driver's license on the front seat with the name Amarilys Ambert and the defendant's photo.  They also found two debit cards in the name of Amarilys Ambert.

The Town filed an action to forfeit the defendant's Escalade as contraband obtained and used in violation of the Florida Contraband Forfeiture Act.  The defendant moved to dismiss the action, alleging the Escalade was not contraband under section 932.701, Florida Statutes (2016).  The trial court denied the defendant's motion.

In her deposition, however, the defendant explained that she was given money to purchase the Escalade in New Jersey.  When the defendant signed the sales contract, she placed it under the name of Amarilys Ambert Cancel.  She also titled the vehicle and applied for a tag under that name. She used the name because she was running away from her family.  She had no knowledge of whether a person by that name existed.

The Town moved for summary judgment.  During the hearing, the Town argued the defendant used a fictitious name to purchase and title the Escalade.  Titling the vehicle under a false name made the vehicle per se contraband.

The defendant opposed the motion and claimed the Town failed to prove any fraud.  She argued a jury should determine whether fraud occurred. She demanded a jury trial.  The court granted the Town's motion and entered a final judgment of forfeiture, relying on *City of Sweetwater v. Zaldivar*, 559 So. 2d 660 (Fla. 3d DCA 1990).

2

From this judgment, the defendant now appeals.

The defendant argues that based on the totality of the evidence, the trial court erred in granting the motion for summary judgment because: (1) there were genuine issues of material fact concerning her intent to defraud and whether the inventory search was valid; (2) forfeiture actions may only be decided by a jury; (3) the Escalade was not contraband; and (4) forfeiture of the Escalade was an excessive punishment under the Florida Constitution. The Town responded that summary judgment was properly entered because it established the elements of section 319.33, Florida Statutes (2016); there were no material issues of fact; summary judgments are appropriate in forfeiture actions; and the Escalade's forfeiture was not excessive punishment under Article I, § 17 of the Florida Constitution.

We have de novo review. *Dennis v. Kline*, 120 So. 3d 11, 20 (Fla. 4th DCA 2013).

The Third District has held that a pleader must allege facts showing the motor vehicle was used in violation of section 319.33 to be subject to forfeiture. *Zaldivar*, 559 So. 2d at 661. Intentionally submitting an application with a false name is "'inherently misleading and injurious, both to the agency responsible for the motor vehicle records, and those who depend on them.'" *Id.* (citation omitted). "Thus, no allegation or proof of intent to defraud is necessary . . . in a civil action seeking forfeiture of the vehicle." *Id.* The Third District allowed the forfeiture of a vehicle under section 319.33 because the City alleged ultimate facts showing the defendant used a false name when he applied for title to the car. *Id.* at 662.

Here, the defendant violated section 319.33(1)(e), which provides it is unlawful "[t]o use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application." § 319.33(1)(e), Fla. Stat. (2016). "Any motor vehicle used in violation of this section shall constitute contraband which may be seized by a law enforcement agency and shall be subject to forfeiture proceedings." § 319.33(6), Fla. Stat. (2016).

The defendant admitted signing the sales contract under the name of Amarilys Ambert Cancel, which is not her real name. She had the dealership title the vehicle, applied for a tag, and applied for and received

a Florida license under the same false name.  In short, the Town proved sufficient facts to warrant the forfeiture.

The defendant next argues her answer and memorandum in opposition to the summary judgment motion created genuine issues of material fact for a jury to decide.  However, she fails to explain what issues of fact remained.  A review of the defendant's answer and affirmative defenses suggests there were issues concerning the Town's alleged violation of the 4th, 5th, 6th, and 14th Amendments of the United States Constitution by searching the Escalade without a warrant.

The Fourth Amendment of the U.S. Constitution generally prohibits warrantless searches.  *See* Amend. IV, U.S. Const.  An inventory search is an exception to the general rule.  *State v. Waller*, 918 So. 2d 363, 366 (Fla. 4th DCA 2005).

"'An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage.'"  *Id.* at 367 (citing *Whren v. United States*, 517 U.S. 806, 811 n.1 (1996)).  "Contraband or evidence seized in a valid inventory search is admissible because the procedure is a recognized exception to the warrant requirement."  *Rolling v. State*, 695 So. 2d 278, 294 (Fla. 1997).

The defendant argues the Town failed to factually refute the constitutional violations raised and failed to establish the defenses are legally insufficient.  However, the record shows the Town did refute these claims.

At the hearing, the defendant claimed she was not under arrest; law enforcement did not have a warrant; and they did not have probable cause when the search occurred.  The Town responded that the inventory search occurred after law enforcement took the defendant into custody.  The Town lawfully took the Escalade because its registered owner could not be found.  It conducted an inventory search in good faith.  There was no material fact in dispute about the search.

Next, the defendant argues that issues of forfeiture must be decided by a jury.  The defendant is simply wrong.  Summary judgment is proper where pleadings, depositions, affidavits and other evidence disclose no issue of material fact.  *See Swift v. Century Ins. Co. of New York*, 264 So. 2d 88, 90 (Fla. 3d DCA 1972).

4

The trial court reviewed the pleadings, the defendant's deposition, the affidavits, and the arguments. There were no genuine issues of material fact. The trial court correctly granted the Town's motion for summary judgment.

The defendant next argues the Escalade is not contraband pursuant to section 932.701. She contends because she was not convicted of a felony, the Escalade cannot be contraband under this section. We disagree.

Section 932.701 defines contraband as:

> Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.

§ 932.701(2)(a)5., Fla. Stat. (2016). The statute does not require the individual to be convicted of a felony. It merely requires the individual be using the vehicle in the commission of a felony, which is what occurred here.

Here, law enforcement arrested the defendant for "possession of unlawfully issued, stolen, fictitious, blank, forged, counterfeit driver's license." This is a felony under section 322.212, Fla. Stat. (2016). While the State amended the information to allege a misdemeanor charge, that does not eliminate the statute's application for the forfeiture proceeding.

The Escalade was also contraband under section 319.33(1)(e). That section provides it is unlawful "[t]o use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this chapter or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application." § 319.33(1)(e), Fla. Stat. (2016). The defendant obtained the Escalade using a false or fictitious name and acquired title of the vehicle with this false name.

The statute further provides "[a]ny motor vehicle used in violation of this section shall constitute contraband which may be seized by a law

enforcement agency and shall be subject to forfeiture proceedings pursuant to ss. 932.701-932.704." § 319.33(6), Fla. Stat. Even if it could be said that the vehicle did not automatically fall under section 932.701's definition of contraband, it fits within the definition under section 319.33.

And last, the defendant argues the seizure of the Escalade constitutes excessive punishment, prohibited by Article I, § 17 of the Florida Constitution. She explains the forfeiture is excessive punishment because she was convicted of only two misdemeanor charges, thus the punishment was disproportional. The State responds the forfeiture is directly related to the crime and does not constitute excessive punishment. By granting summary judgment, the trial court rejected the defendant's argument sub silencio.

Very recently, the United States Supreme Court has weighed in on the issue. *Timbs v. Indiana*, 139 S. Ct. 682 (2019). There, the Court held the Fourteenth Amendment's Due Process Clause incorporates the Eighth Amendment's protection against excessive fines. *Id.* at 687. The Court did so in a case very similar to this one where an Indiana resident had his new Land Rover SUV forfeited based on his conviction for dealing in a controlled substance and conspiracy to commit theft. *Id.* at 686.

The Indiana trial court denied the State's request to forfeit the $42,000 vehicle finding the forfeiture to be grossly disproportionate to the gravity of the offenses. *Id.* The intermediate appellate court agreed. *Id.* The Indiana Supreme Court disagreed holding the Eighth Amendment's excessive fines clause was inapplicable to the state's forfeiture. *Id.* The United States Supreme Court reversed. *Id.* at 691.

Similarly, the Escalade's forfeiture in this case may be grossly disproportionate to the gravity of the two misdemeanor offenses to which the defendant pleaded or even the felony charges for which she was arrested. Because the trial court did not have the benefit of *Timbs* when it ruled on the motion for summary judgment, we remand the case to the trial court to determine if the value of the forfeited property is grossly disproportionate to the gravity of the offenses.

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

6